880 So.2d 1269 (2004)
John ARMEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1837.
District Court of Appeal of Florida, Second District.
September 1, 2004.
CASANUEVA, Judge.
John Armey appeals an order dismissing his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. The circuit court found that Armey had failed to properly swear to the motion and dismissed it without prejudice for Armey to refile "a motion which complies with the requirements of Florida Rule of Criminal Procedure 3.850." As the circuit erred on this point, we reverse.
At the end of his rule 3.850 motion, Armey executed the same "unnotarized oath" set forth in Florida Rule of Criminal Procedure 3.987, stating, "Under penalties of perjury, I declare that I have read the foregoing motion and that [all] the facts stated in it are true." The circuit court overlooked the fact that section 92.525(2), Florida Statutes (2001), allows an unnotarized oath, in the form used by the defendant in this case. The Florida Supreme Court specifically authorized this procedure in State v. Shearer, 628 So.2d 1102 (Fla.1993). The standard form of the rule 3.850 motion now gives an inmate the option of executing a notarized oath or an unnotarized oath. Fla. R.Crim. P. 3.987. Under either alternative, the motion is sworn under penalties of perjury. Shearer, 628 So.2d at 1103.
Because Armey's motion was properly sworn to, we reverse the order of dismissal and remand to the circuit court for further consideration. We express no opinion on the merits of Armey's motion.
Reversed and remanded.
NORTHCUTT and COVINGTON, JJ., Concur.