880 So.2d 1269 (2004)
Royce M. REED, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-3301.
District Court of Appeal of Florida, Third District.
September 1, 2004.
Rehearing Denied September 1, 2004.
*1270 Royce M. Reed, in proper person, for appellant.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, GODERICH, and FLETCHER, JJ.

ON MOTION FOR REHEARING AND CLARIFICATION
FLETCHER, Judge.
Royce M. Reed moves for rehearing and clarification. We deny the motion for rehearing but provide clarification of our affirmance of the trial court's denial of Reed's petition for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.800(a).
On January 25, 1991, Reed entered a plea of guilty in case number 89-36248-A, and was adjudicated guilty. Because Reed was a juvenile at the time, the court placed him in a juvenile detention facility while awaiting sentencing. While there, Reed escaped and committed several other crimes for which he was convicted and sentenced as an habitual violent felony offender, case number 91-13007. On April 8, 1991 Reed was sentenced in case number 89-36248-A, pursuant to his plea and adjudication of guilty. The sentence in case number 89-36248-A was eventually vacated and Reed was re-sentenced, nunc pro tunc to the original sentencing date of April 8, 1991. It is that conviction which was used to habitualize him in 91-13007. Reed complains that this case could not be used to habitualize him because the conviction was not final while his sentencing remained pending, and that sentence was not imposed until April 1991, after the convictions in 91-13007.
Reed is incorrect. For purposes of the habitual offender statute, the term "conviction" is equivalent to adjudication. See McCrae v. State, 395 So.2d 1145, 1153-54 (Fla.1980)(a defendant was "convicted" within the meaning of the statute if he had entered a guilty plea to a qualifying felony, but had not yet been sentenced); cf. Benton v. State, 829 So.2d 388 (Fla. 3d DCA 2002)(adjudication withheld and probation caused defendant to be further removed from the adjudication of guilt required for treatment as a habitual felony offender); Schneider v. State, 788 So.2d 1073, 1074 (Fla. 2d DCA 2001)(habitual violent offender sentence was proper where the defendant was on community control in a prior case when he committed the instant offenses because he had been adjudicated guilty in the prior case). The record shows that Reed had already been adjudicated guilty in accordance with his plea in 89-36248-A when he escaped from custody and committed the crimes for which he *1271 was eventually habitualized. The adjudication in 89-36248-A was properly considered as a prior conviction for purposes of applying habitual offender sentencing in 91-13007; both the offense and conviction occurred within five years prior to the offenses and convictions in 91-13007. § 775.084(1)(b)(2), Fla. Stat.(Supp.1988).
Motion for rehearing denied.
COPE, J. (concurring).
I entirely agree with Judge Fletcher's opinion but point out that in 1993 the Legislature amended the habitual offender statute. The analysis would be different for offenses committed on or after the effective date of the 1993 act. See Rhodes v. State, 704 So.2d 1080, 1083 (Fla. 1st DCA 1997); ch. 93-406, §§ 2, 44, Laws of Fla.; § 775.084(5), Fla. Stat. (1993).