884 So.2d 374 (2004)
Rodney G. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2533.
District Court of Appeal of Florida, Second District.
September 10, 2004.
*375 ALTENBERND, Chief Judge.
Rodney G. Williams appeals an order "striking" his timely motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. When Mr. Williams filed his motion in circuit court, the State responded with a motion to strike Mr. Williams' motion because it was not sworn. It appears that the State also prepared and submitted an order granting this motion to strike. The trial court entered the order prepared by the State. Mr. Williams appeals that order.
The State's motion to strike is odd because Mr. Williams filed his motion on a form document that appears to contain all of the requirements of the form approved by the Florida Supreme Court in Florida Rule of Criminal Procedure 3.987. Mr. Williams clearly signed the unnotarized oath at the end of the document. This unnotarized oath was added to the standard form by the supreme court in 1993. See State v. Shearer, 628 So.2d 1102 (Fla. 1993). Thus, the State's motion was without merit. See Armey v. State, 880 So.2d 1269 (Fla. 2d DCA 2004); Palmore v. State, 735 So.2d 521 (Fla. 2d DCA 1999).
To further complicate matters, it is well established that a motion that is actually unsworn should not be stricken, but should be dismissed without prejudice. See Morais v. State, 640 So.2d 1227 (Fla. 2d DCA 1994). Most trial courts dismiss such pleadings with leave to amend to include the oath within twenty or thirty days. This procedure renders the order nonfinal and nonappealable and saves considerable judicial resources.
The order on appeal merely grants a motion to strike. It does not contain the language required by rule 3.850(g) notifying the movant that he has thirty days to appeal. It is not entirely clear that the trial court intended this order to be a final order, but the order does not seem to permit further action in the trial court proceeding. Accordingly, we conclude that the simplest approach is to treat the order on appeal as a final order and reverse. On remand, the trial court shall enter whatever orders are appropriate to resolve this motion.
Reversed and remanded.
COVINGTON and KELLY, JJ., Concur.