922 So.2d 1004 (2006)
Tira TATUM, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-1634.
District Court of Appeal of Florida, First District.
January 30, 2006.
Rehearing Denied March 14, 2006.
*1005 Matthew J. Wells, Mango, for Appellant.
Charlie Crist, Attorney General, and Sherri Tolar Rollison, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PADOVANO, J.
Tira Tatum, the defendant, appeals the enhanced sentences he received under the Prison Releasee Reoffender statute for the crimes of burglary of a dwelling and grand theft. He contends that his previous incarceration in youthful offender boot camp did not qualify him as a prison releasee reoffender. Because the statute makes no distinction between youthful offender commitments and adult commitments, we conclude that it applies in the defendant's case, and that the trial court was required to impose the enhanced sentences. For this reason, we affirm.
The statute at issue defines a "prison releasee reoffender" as a person who commits a qualifying offense within three years after being released "from a state correctional facility operated by the Department of Corrections." § 775.082(9) Fla. Stat. (2004). It may be true, as the defendant argues, that the Legislature did not mean to include a prior release from youthful offender commitment as a predicate for an enhanced sentence, but there is nothing in the text of the statute to bear that argument out. By the terms of the statute, a youthful offender who has been released from a Department of Corrections boot camp qualifies for an enhanced sentence.
We are bound by the well-established rule that the courts must look first to the plain meaning of a statute in determining how it should be applied. See Moonlit Waters Apartments, Inc. v. Cauley, 666 So.2d 898 (Fla.1996). As the supreme court explained in Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157 (1931)), "[w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." The statute in question here is not ambiguous. It applies to a person who has been released from any correctional facility operated by the Department of Corrections.
The defendant argues that the Prison Releasee Reoffender statute was designed for offenders who have been recently released from prison and that it would be contrary to the goals of the Youthful Offender statute to apply it to those who have been released from rehabilitation programs like boot camps. That may be a valid argument, but it is not one we are at *1006 liberty to address here. Whether it is a good policy to subject a defendant with a previous youthful offender commitment to the mandatory maximum sentencing provisions of the Prison Releasee Reoffender statute is a question for the Legislature.
Affirmed.
KAHN, C.J., and BROWNING, J., concur.