RAMIREZ, C.J.
Tyrone Fulton appeals his sentence of ten years imposed for failure to report on December 11, 2008, at 9:00 a.m. Because the trial court summarily denied Fulton’s motion to mitigate based on a hearsay document, we reverse.
This case presents an all-too-familiar scenario. Fulton was arrested on November 10, 2008, for possession of cocaine and tampering with physical evidence, both third degree felonies. When the case was up for arraignment on December 1, 2008, the State offered Fulton a plea of 366 days in state prison to close out his case. Fulton asked the trial court to grant him a one-week furlough so that he could get his affairs in order before commencing his sentence. The trial judge agreed to grant a furlough on the condition that Fulton would be sentenced to ten years in prison and the sentence would be mitigated to 364 days upon his surrender in court on December 11 at 9:00 a.m. Additionally, the court conditioned the mitigation on Fulton submitting to a urinalysis and testing negative upon his surrender, as well as not being arrested for a new law violation. Fulton consented to the court’s conditions and entered a guilty plea.
As frequently happens in these cases, Fulton failed to appear in court on December 11. On December 31, 2008, the defense attorney filed a motion to mitigate Fulton’s sentence from ten years to 364 days. Fulton asserted that he was arrest *951 ed on the date of his surrender on a misdemeanor charge of drinking in public. The State nolle prossed the misdemeanor on December 24, 2008. The defense attorney argued in the motion that the misdemean- or arrest was a de minimis deviation from the conditions of his furlough and that his failure to appear in court was not willful because he was in state custody at the time.
At the hearing on the motion, the defense lawyer pointed out that Fulton was wrongfully arrested. Fulton, who was already in state prison, was not present at the hearing. According to the arrest report, Fulton had been drinking a malt beverage, which is not illegal because it is exempted under the relevant statute. The prosecutor noted that according to the arrest form, Fulton was taken into custody at 10:50 a.m., almost two hours after he was supposed to have surrendered. The arrest affidavit stated further that Fulton was arrested on Northwest 17th Avenue and 20th Street. The court found that, regardless of the legitimacy of his arrest, Fulton had willfully failed to surrender at 9:00 a.m. and that it did not appear that he was on his way to the courthouse. The court thus denied the motion.
We conclude that the trial court improperly found that Fulton’s failure to surrender in court at 9:00 a.m. was willful based solely on the time of his arrest and the location of the arrest, as referenced in the arrest report. Because Fulton was not present at the hearing, he was deprived of an opportunity to explain why he failed to appear, which is the critical matter the court must determine in order to rule on the issue of mitigation. The trial court thus made a factual determination, that Fulton willfully failed to surrender, based on its review of an arrest affidavit. Fulton never had an opportunity to explain why he did not surrender at the time which the court had set.
In Johnson v. State, 501 So.2d 158 (Fla. 3d DCA 1987), we reversed a similar sentence noting that “if the defendant was prevented from being in court by virtue of being arrested, the reason for the arrest is immaterial.” Id. at 160, n. 5. We quoted the decision in Lee v. State, 471 So.2d 195 (Fla. 4th DCA 1985), which questioned “whether a substantial number of years may constitutionally be added to a defendant’s sentence to penalize him for being arrested or upon finding that there was probable cause for such arrest.” Id. at 195-96. We further stated in Johnson that “only in the most merciless and draconian system of justice could such a failure [to appear] result in a forfeiture of the bargained-for sentence.” Johnson, 501 So.2d at 161. See also Walker v. State, 599 So.2d 233, 234 (Fla. 3d DCA 1992) (reversing and remanding for an evidentia-ry hearing to determine whether the defendant’s failure to appear was willful).
The State counters by citing Childers v. State, 972 So.2d 307, 309 (Fla. 2d DCA 2008), for the proposition that “[a] rule 3.800(c) motion is directed to a circuit court’s absolute discretion,” but this does not extend to the court having the discretion to make factual findings on the basis of hearsay documents, such as an arrest affidavit.
We hereby reverse and remand for an evidentiary hearing before a new judge to determine whether Fulton’s failure to appear was a willful and substantial reason to punish him with nine additional years in state prison.
Reversed and remanded.