PER CURIAM.
Richard Pillajo appeals an order dismissing his motion for postconviction relief *566 filed pursuant to Florida Rule of Criminal Procedure 8.850. We dismiss this appeal because we lack jurisdiction. Neither the dismissal of a motion filed pursuant to rule 3.850 with leave to refile nor the denial of a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(c) is appealable. See Williams v. State, 884 So.2d 374, 375 (Fla. 2d DCA 2004) (explaining that dismissing a pleading with leave to amend “renders the order nonfinal and nonap-pealable”); Riggs v. State, 847 So.2d 1037, 1038 (Fla. 1st DCA 2003) (explaining that “an order denying a motion to mitigate sentence is not a directly appealable order”).
In its order responding to Pillajo’s rule 3.850 postconviction motion, the court dismissed the motion with leave to refile until the expiration of the two-year timeframe for such motions. Having dismissed Pilla-jo’s motion under rule 3.850, the court then elected to consider it as having been filed as a motion for reduction or modification of sentence pursuant to rule 3.800(c). The court denied Pillajo’s motion under rule 3.800(c), but included language stating that Pillajo could appeal the order within thirty days. Taking the court’s advice, Pillajo did so. Because, the appellate court has no jurisdiction to review the exercise of a trial court’s discretion in ruling on a rule 3.800(c) motion, we dismiss this appeal. In addition, we take this opportunity to encourage the trial courts of this district to excise language concerning appellate rights from their orders on rule 3.800(c) motions.
Dismissed.
SILBERMAN, KELLY, and MORRIS, JJ., Concur.