ALTENBERND, Judge.
Brian Spaulding files a petition for writ of certiorari seeking review of the trial court’s order denying his motion for reduction or modification of sentence under Florida Rule of Criminal Procedure 3.800(c). We conclude that Mr. Spaulding is not entitled to relief under the limited review available by certiorari for such discretionary rulings.
In September 2009, Mr. Spaulding pleaded guilty to lewd and lascivious molestation and sexual battery for conduct involving an adopted child. Allegedly as a result of mitigating circumstances, the trial court placed Mr. Spaulding on sex offender probation. Mr. Spaulding violated probation in July 2010. The trial court *474 sentenced him to 165.3 months’ incarceration at a sentencing hearing on July 15, 2010. This court affirmed the order revoking probation and the resulting sentence in 2011. Spaulding v. State, 69 So.3d 287 (Fla. 2d DCA 2011) (table decision).
In this certiorari proceeding, Mr. Spaulding admits that 165.3 months’ incarceration was the minimum sentence authorized by the Criminal Punishment Code and that the trial court could not impose a shorter sentence at the sentencing hearing unless that sentence was an authorized downward departure. Our record contains the transcript of the sentencing hearing. No evidence was presented at the hearing, but counsel and the court had a discussion about the possibility of a downward departure sentence. The trial court expressed doubt at the hearing as to its authority to grant a downward departure sentence. Ultimately, the court imposed the minimum guidelines sentence explaining:
The Court is going to revoke, terminate probation and readjudicate you and sentence you to the minimum under the guidelines. You have 60 days — I maintain jurisdiction for 60 days to mitigate if you can give me lawful reasons why I should — why I should consider it.
As stated above, Mr. Spaulding appealed this ruling. Our record from the direct appeal reflects that Mr. Spaulding did not raise a sentencing issue in that appeal.
Once jurisdiction returned to the trial court, Mr. Spaulding accepted the trial court’s offer to consider the issue of a downward departure by filing a motion to reduce or modify sentence under rule 3.800(c). The motion alleged various grounds for a downward departure. The accompanying memorandum explained that granting a downward departure sentence was a two-step process by which the court first decides whether there is a legal ground for a departure that is supported by competent, substantial evidence. If such a ground exists, in the second step the trial court exercises sound discretion under the totality of the circumstances to either grant or deny the request for a downward departure sentence. See Banks v. State, 732 So.2d 1065, 1067 (Fla.1999); State v. Subido, 925 So.2d 1052, 1057 (Fla. 5th DCA 2006).
The trial court entered an order denying the motion, finding that it had jurisdiction to rule on the motion, but concluding that because the original term of probation was a downward departure, it was denying any reduction in the current sentence. Thereafter, the trial court denied a motion to clarify this order, and Mr. Spaulding filed this timely petition for writ of certiorari.
It is well established that an order denying a motion under rule 3.800(c) is not appealable. See Pillajo v. State, 60 So.3d 565, 566 (Fla. 2d DCA 2011); Smith v. State, 471 So.2d 1347, 1348 (Fla. 2d DCA 1985);[1] Parker v. State, 214 So.2d 632 (Fla. 2d DCA 1968).[2]
The appellate courts, however, have recognized that some trial court errors that occur when considering rule 3.800(c) motions may be reviewed by peti *475 tion for writ of common law certiorari. See Kwapil v. State, 44 So.3d 229, 230 (Fla. 2d DCA 2010); Moya v. State, 668 So.2d 279, 280 (Fla. 2d DCA 1996). These motions are subject to the trial court’s discretion. See Schlabach v. State, 37 So.3d 230, 237 (Fla.2010). In part because the ruling on 3.800(c) motions is discretionary, the writ of certiorari has been used sparingly to correct only a very narrow range of mistakes.
Most decisions granting certiorari relief from such orders have done so because the trial court erroneously concluded that it lacked jurisdiction to consider the motion. See, e.g., Lancaster v. State, 821 So.2d 416 (Fla. 2d DCA 2002). On at least one occasion, this court has granted relief because the trial court expressly ruled that it did not have authority to modify a condition of probation in such a proceeding. See Wesner v. State, 843 So.2d 1039 (Fla. 2d DCA 2003). We have once granted certiorari relief on the State’s concession because the defendant’s motion was denied when he failed to attend a hearing that was not properly noticed. See Alexander v. State, 816 So.2d 778 (Fla. 2d DCA 2002). The First District has granted relief on the State’s concession when the trial court erroneously treated the motion as if it were filed pursuant to rule 3.800(a). See Thoas v. State, 751 So.2d 764 (Fla. 1st DCA 2000). In that situation, the trial court simply applied the wrong law.[3]
The question in this proceeding is whether certiorari review of orders on motions pursuant to rule 3.800(c) extends to a broader range of issues than those described in the preceding paragraph. The errors that have been corrected so far in these certiorari proceedings have been errors in jurisdiction, clear violations of due process, and applications of what is obviously the wrong law. This case does not appear to fall within any of these serious errors. On the other hand, the State admits in this case that the trial court should have better explained its ruling and that it may have failed to follow the two-step process described in Subido.
Orders on motions to modify or reduce sentences are often very short and usually contain little reasoning to explain the basis for the denial. We decline to use our certiorari power to order this trial court to better explain its ruling.' In this case, the trial court’s reasoning is evident.
*476 First, the two-step procedure contemplated by Subido is a procedure for use at sentencing hearings. There is no law mandating a similar process for use in hearings under rule 3.800(c). If the trial court did not adequately conduct the sentencing hearing, that error could have been preserved for review on direct appeal. The trial court’s willingness to reconsider the downward departure at a hearing on a motion for modification under rule 3.800(c) did not transform that hearing into a second sentencing hearing.
Second, it is not obvious to this court that the trial court’s order was based on any departure from the essential requirements of the law. In the order, the trial court appears to be explaining that it knew there were grounds for a downward departure because it had already granted such a sentence. The trial court’s decision appears to be based on its conclusion that Mr. Spaulding had been given an opportunity for a lesser sentence, but having squandered that opportunity by violating his probation, there was little justification to give him a second chance at a reduced sentence. That decision is one within the trial court’s discretion, and we have no basis to quash it in this proceeding.
Accordingly, we deny this petition and write to emphasize that this court will typically limit certiorari review of orders denying relief under rule 3.800(c) to errors involving jurisdiction, violations of due process, patent applications of the wrong law, and other clear deprivations of constitutionally guaranteed rights.
Petition for writ of certiorari denied.
KELLY and VILLANTI, JJ., Concur.

. Note that in 1985 when Smith was decided, what is now Florida Rule of Criminal Procedure 3.800(c) was rule 3.800(b). Rule 3.800(b) became rule 3.800(c) effective July 1, 1996. See Amendments to Fla. R. App. P. 9.020(g) & Fla. R. Crim. P. 3.800, 675 So.2d 1374, 1375 (Fla. 1996).

. Although the case law holding that orders denying motions filed pursuant to Florida Rule of Criminal Procedure 3.800(c) is without conflict, it may be worthy of reexamination. The current rule began its life in Florida in 1961 as section 921.25, Florida Statutes (1961). See Ch. 61-39, § 2, Laws of Fla. It was modeled on the version of Federal Rule of Criminal Procedure 35 that existed at that time. Under the appellate mies prior to 1977, there was no provision for appeals from orders entered after final judgment in crimi *475 nal cases. See rules 4.2 and 6.2 of the Florida Appellate Rules (1962 Revision). Since 1977, the Florida Rules of Appellate Procedure have contained a rule allowing for appeal of "orders entered after final judgment" in criminal cases. See Fla. R.App. P. 9.140(b)(1)(D) (formerly rule 9.140(b)(1)(C)). It is arguable that orders denying motions filed pursuant to rule 3.800(c) are now appealable. But even if that were true, any discretionary ruling by the trial court would be subject to review only for an abuse of discretion. See, e.g., United States v. Lacey, 661 F.2d 1021, 1022 (5th Cir.1981) ("Further, insofar as the defendant complains of the trial court's denial of a reduction of sentence, under Fed.R.Crim.P. 35 such a motion is addressed to the discretion of the trial judge, and it will be reversed on review only for illegality or a gross abuse of discretion."); United States v. Yates, 553 F.2d 502, 503-04 (5th Cir.1977). In this case, however, we do not recede from our case law holding that these orders may be reviewed only by petition for writ of certiorari.

. The Third District has reversed a "sentence” because the trial court denied a motion to mitigate. The reversal was based on the trial court’s error in relying on hearsay evidence. See Fulton v. State, 66 So.3d 950 (Fla. 3d DCA 2011). We suspect that the procedural status of the case is not correctly stated in the opinion, but the Third District would not have had appeal jurisdiction over an order denying a motion under 3.800(c), and such an order is typically not reviewable on a direct appeal of the sentence. We doubt that the error described in Fulton would have justified relief by certiorari. We decline to express conflict with this case, which simply appears to be poorly explained.