**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4994**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

FRANKLIN MACKENSIE ROBINSON,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:10-cr-00599-RBH-1)

Submitted:  June 26, 2012            Decided:  July 24, 2012

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William W. Watkins, Sr., WILLIAM W. WATKINS, P.A., Columbia,
South Carolina, for Appellant. William N. Nettles, United States
Attorney, Carrie Fisher Sherard, Assistant United States
Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Franklin MacKensie Robinson was convicted of conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine and fifty grams or more of cocaine base, 21 U.S.C. § 846 (2006), and distribution of cocaine base, 21 U.S.C. § 841(a)(1) (2006). He received concurrent 360-month sentences. We affirm.


I

At trial, Daytron Allen testified that on February 28, 2011, he and Robinson were in adjoining cells at the federal courthouse. Allen stated that Robinson threatened potential witnesses and their families and asked Allen to convey the threats.

While in jail awaiting trial, Robinson made numerous telephone calls, which were recorded. Over Robinson's objection, the district court admitted the recording of the call made on November 29, 2010. Robinson contends that the admission of the recording violated Fed. R. Evid. 403 because the evidence was cumulative, unnecessary, and unduly prejudicial. We review a decision to admit evidence for abuse of discretion. United States v. Forrest, 429 F.3d 73, 79 (4th Cir. 2005).

While relevant evidence generally is admissible, Fed. R. Evid. 402, it "may be excluded if its probative value is

2

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Nonetheless, "Rule 403 is a rule of inclusion, generally favoring admissibility." United States v. Udeozor, 515 F.3d 260, 264-65 (4th Cir. 2008) (internal quotation marks and alteration omitted). Under Rule 403, "damage to a defendant's case is not a basis for excluding probative evidence" because "[e]vidence that is highly probative invariably will be prejudicial to the defense." United States v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998). "Rule 403 requires exclusion of evidence only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." United States v. Mohr, 318 F.3d 613, 618 (4th Cir. 2003) (internal quotation marks omitted). When assessing a Rule 403 issue on appeal, "we look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990) (internal quotation marks omitted).

We hold that the recording was properly admitted under Rule 403. The prejudicial value of the recording was outweighed by its probative value. As the district court found, the recording was the only evidence that tended to corroborate Allen's testimony about Robinson's threats. Further, the fact that Robinson wanted Allen to communicate the threats on his behalf to potential witnesses suggested that Robinson was conscious of both his guilt and the strength of the prosecution's case.

## II

Because of a prior felony drug conviction, Robinson was subject to an enhanced sentence under 21 U.S.C. § 841(b)(1) (2006). In its information of prior conviction, 21 U.S.C. § 851(a) (2006), the United States identified the prior offense as an August 2, 2006 conviction for possession with intent to distribute cocaine. Robinson was seventeen when he committed the crime and nineteen when he was convicted and sentenced. On appeal, Robinson claims that it was a violation of both § 841(b)(1) and the Eighth Amendment to base the enhancements on criminal conduct that occurred when he was a juvenile.

We find Robinson's position to be without merit. The Sixth Circuit has rejected similar arguments, concluding that "[n]othing in § 841(b)(1)(A) indicates that a defendant's age at

4

the time of his . . . prior conviction is relevant to the application of § 841, but to the extent that it is, age would appear to matter if it was related to the process in which a defendant's prior conviction was obtained." United States v. Graham, 622 F.3d 445, 457 (6th Cir. 2010). The defendant in Graham was convicted and sentenced as an adult for the predicate offense although he was arrested as a juvenile. Id. The court ruled that the prior conviction was properly used to enhance the statutory mandatory minimum for the federal offense. Id. at 459. Here, state court records reflect that Robinson was convicted and sentenced as an adult for the 2006 offense. We are persuaded by the rationale expressed in Graham and conclude that the district court's use of the 2006 conviction for enhancement purposes did not violate § 841(b).

Nor does the use of the 2006 conviction violate the Eighth Amendment under either Graham v. Florida, 130 S. Ct. 2011 (2010), or Roper v. Simmons, 543 U.S. 551 (2005). Critically, in each of those cases, the defendant was a juvenile at the time he committed the relevant offenses. Robinson, however, was an adult when he committed the instant federal drug offenses. Accordingly, there was no Eighth Amendment violation. See Graham, 622 F.3d at 462; United States v. Scott, 610 F.3d 1009, 1018 (8th Cir. 2010).

5

Because Robinson's offense level as computed under the Drug Quantity Table exceeded that calculated based upon his status as a career offender, the former was used to determine his advisory Guidelines range. See U.S. Sentencing Guidelines Manual § 4B1.1(b) (2010). Nonetheless, Robinson claims on appeal that his presentence report erroneously identified him as a career offender.

For a defendant to qualify as a career offender, he must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). At sentencing, the court found that Robinson had not only two, but three, qualifying convictions: possession with intent to distribute cocaine, committed in 2004, when Robinson was seventeen; assault and battery of a high and aggravated nature (ABHAN), committed in 2005, when he was eighteen; and ABHAN, committed in 2006, when he was nineteen.

The Guidelines define "prior felony conviction" as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of . . . the actual sentence imposed." USSG § 4B1.2, comment. (n.1). Further, "[a] conviction for an offense committed before age eighteen is an adult conviction if

it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted. . . ." Id.

Additionally, before an conviction is counted for career offender purposes, the court must consult the Guidelines provision for computing criminal history. USSG § 4B1.2, comment. (n.3); United States v. Mason, 284 F.3d 555, 558 (4th Cir. 2002). Offenses committed prior to age eighteen are to be included in the criminal history calculation if, among other things, the defendant has an adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense, USSG § 4A1.2(d)(2)(B).

Robinson had not only the required two, but three, qualifying felony convictions. He committed the two ABHAN offenses when he was eighteen and nineteen, respectively. He was convicted and sentenced as an adult for those offenses. Robinson committed the third felony, possession with intent to distribute cocaine, in 2006, when he was seventeen. He was prosecuted as an adult and was sentenced in August, 2006, for this crime. The conspiracy that is the subject of the § 846 conviction commenced in 2005; the § 841(a) offense occurred in 2010. Accordingly, under USSG § 4A1.2(d)(2)(B), the 2006 conviction also was correctly treated as a predicate felony for career offender purposes.

IV

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>