PER CURIAM.
We reverse the trial court’s denial of appellant’s motion to correct illegal sentence and remand for resentencing. The trial court failed to address ground two of appellant’s motion. Appellant correctly argued in this ground that his violent career criminal (VCC) sentences on count three (aggravated fleeing and eluding) and count seven (grand theft) are illegal. These offenses are not enumerated by the VCC statute. See § 775.084(l)(d), Fla. Stat. (2002) (enumerating qualifying and predicate offenses, including “any forcible felony, as described in s. 776.08”). Nor are these offenses enumerated as a forcible felony. See § 776.08, Fla. Stat. (2002).
As the State concedes, grand theft clearly does not qualify for VCC sentencing. See Ubilla v. State, 8 So.3d 1200, 1202 (Fla. 3d DCA 2009).
Applying the statutory elements test as required by State v. Hearns, 961 So.2d 211, 216 (Fla.2007), and Perkins v. State, 576 So.2d 1310. (Fla.1991), we conclude that the aggravated fleeing and eluding conviction does not fall within the “catchall” provision of the final clause of the statute defining a forcible felony. Section 776.08, Florida Statutes, defines a “forcible felony” as follows:
“Forcible felony” means treason; murder; manslaughter; sexual battery; carjacking; home-invasion robbery; robbery; burglary; arson; kidnapping; aggravated assault; aggravated battery; aggravated stalking; aircraft piracy; unlawful throwing, placing, or discharging of a destructive device or bomb; and any other felony which involves the use or threat of physical force or violence against any individual.
Id. (emphasis supplied). Pursuant to Hearns and Perkins, we must look strictly to the statutory elements of the offense in determining whether the offense necessarily involves the requisite use or threat of physical force or violence against a person. Hearns, 961 So.2d at 216 (quoting Perkins, 576 So.2d at 1313) “If ‘the use or threat of physical force or violence against any indi *558 vidual’ is not a necessary element of the crime, ‘then the crime is not a forcible felony within the meaning of the final clause of section 776.08.’ ”).
In Hearns, the court held that battery on a law enforcement officer did not fall within the “catchall” provision because the offense could be committed by a mere intentional touching. 961 So.2d at 218-19. The court explained that such a reading would lead to outrageous results, such that a mere touching would constitute a forcible felony which was incomparable to the other more serious types of felonies expressly enumerated in the statute — such as murder, sexual battery, and home invasion robbery. Id. at 219.
Appellant was convicted of aggravated fleeing and eluding pursuant to section 316.1935(3), Florida Statutes (2002), which provides in relevant part:
Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle with siren and lights activated, and during the course of the fleeing or attempted eluding drives at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons or property commits a felony of the second degree.
Id. While this offense often poses a great risk of physical harm to others, we conclude that this offense can be committed without the use of physical force or violence against an individual. The offense can be committed merely by driving at high speed or by driving in a manner showing wanton disregard for “property.” To determine whether a crime falls within the definition of a “forcible felony,” Hearns and Perkins require us to look at the statutory elements of the crime and not to the actual circumstances of this case. Because this offense can be committed in a manner that does not necessarily require the use or threat of physical force or violence against an individual, the offense does not qualify under the final clause of the VCC statute. Hearns, 961 So.2d at 218.
Accordingly, we reverse and remand with instructions that the trial court resen-tence appellant.
STEVENSON, GROSS and CONNER, JJ., concur.