DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTOINE HASTIE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3159

[April 3, 2019]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Usan, Judge; L.T. Case Nos. 14-5728 CF10A, 14-6270 CF10A, 14-6639 CF10A, 14-7487 CF10A, 15-12620 CF10A, 15-1832 CF10A, 15-810 CF10A.

Antoine Hastie, Fort Lauderdale, pro se.

Ashley B. Moody, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Antione Hastie appeals the trial court's denial of his Rule 3.800(a) motion to correct illegal sentence. We reverse and remand for the trial court to remove the violent career criminal (VCC) designation from Hastie's grand theft convictions.

On November 24, 2015, Hastie entered a negotiated plea of no contest in seven criminal cases. He was designated a habitual felony offender (HFO) and a VCC and was sentenced to fifteen years in prison with a ten-year mandatory minimum pursuant to his VCC designation. For the VCC predicate, the trial court used a previous burglary conviction where Hastie was a juvenile but was tried and convicted as an adult.

On July 26, 2018, Hastie filed the subject Rule 3.800(a) motion to correct illegal sentence and argued that he could not be sentenced as a VCC for his grand theft convictions because they are not enumerated offences in the VCC statute and because his juvenile burglary conviction

was wrongfully used to impose a VCC sentence. The lower court denied Hastie's motion.

The trial court correctly considered Hastie's juvenile burglary offense for his VCC designation because he was tried and convicted as an adult. *See generally Reed v. State*, 880 So. 2d 1269 (Fla. 3d DCA 2004) (explaining that a juvenile's adult conviction can be considered for habitual offender sentencing). However, Hastie's VCC sentences for his grand theft convictions are illegal.

The VCC statute states, in relevant part:

> (d) "Violent career criminal" means a defendant for whom the court must impose imprisonment . . . if it finds that:
> 1. The defendant has previously been convicted as an adult three more times for an offense in this state or other qualified offense that is:
> a. Any forcible felony . . .
> b. Aggravated stalking . . .
> c. Aggravated child abuse . . .
> d. Aggravated abuse of an elderly person or disabled adult . . .
> e. Lewd or lascivious battery . . .
> f. Escape . . .
> g. A felony violation of chapter 790 involving the use or possession of a firearm. . . .
> 3. The primary felony offense for which the defendant is to be sentenced is a felony enumerated in subparagraph 1. . . .

§ 775.084, Fla. Stat. (2015).

Grand theft is not enumerated as a primary or predicate offense; therefore, Hastie's VCC sentences for those convictions should be vacated. *See Bynes v. State*, 127 So. 3d 556, 557 (Fla. 4th DCA 2012) ("As the State concedes, grand theft clearly does not qualify for VCC sentencing."). We reverse and remand for the ministerial entry of a corrected sentence at which Hastie need not be present.

*Reversed and remanded for resentencing.*

GROSS, FORST and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**