# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2217
_____

MARCUS HEZEKIAH SINGLETON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Linda F. McCallum, Judge.

September 9, 2019

ROWE, J.

Marcus Singleton committed the offense of armed burglary when he was twenty-six years old and received a mandatory life sentence as a prison releasee reoffender. Singleton argues that his enhanced sentence violates the Eighth Amendment because it is predicated on a prior conviction for an offense committed when he was a juvenile. We disagree and affirm.

The prison releasee reoffender statute permits enhancement of a sentence when an offender commits a qualifying offense within three years of being released from prison after completing a sentence for a prior qualifying conviction. § 775.082(9), Fla. Stat. (2016). The predicate offense for Singleton's prison releasee reoffender sentence was a 2006 conviction for an armed robbery

committed when Singleton was fifteen years old. He was sentenced to eight years in prison and was released on December 9, 2013, when he was twenty-three years old. Less than three years later, Singleton committed the offense of armed burglary. Because he committed the new offense within three years of his release from prison for his sentence for the armed robbery, the State sought an enhanced sentence under the prison release reoffender statute. § 775.082(9), Fla. Stat. (2016). Citing *Graham v. Florida*, 560 U.S. 48 (2010), Singleton argues that the enhancement of his sentence based on an offense committed when he was a juvenile violates the Eighth Amendment.

In *Graham*, the Supreme Court held that Florida's practice of sentencing juvenile offenders to life sentences for nonhomicide crimes violated the Eighth Amendment to the United States Constitution. 560 U.S. at 74-75. "[T]he constitutional prohibition against cruel and unusual punishment under *Graham* is implicated when a juvenile nonhomicide offender's sentence does not afford any meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation" during his or her natural life. *Henry v. State*, 175 So. 3d 675, 680 (Fla. 2015) (quotes omitted).

First, we note that Singleton's eight-year sentence for the crime he committed as a juvenile did not violate *Graham*; he was not sentenced to a life sentence or a de facto life sentence. *See Hart v. State*, 255 So. 3d 921, 927 (Fla. 1st DCA 2018) (holding that defendant's fifty-year sentence did not violate *Graham*); *Davis v. State*, 214 So. 3d 799, 799-800 (Fla. 1st DCA 2017) (holding that defendant's thirty-five-year aggregate sentence did not violate *Graham*). Nevertheless, Singleton's eight-year prison sentence afforded him a meaningful opportunity for release during his natural life. He was released after serving six years and eight months of his sentence. Then, at the adult age of twenty-six, he committed the felony offense of armed burglary.

Even though *Graham* did not bar his original sentence for the crime he committed as a juvenile, Singleton argues that *Graham* prevents the trial court from using that juvenile conviction to enhance his sentence for a crime he committed as an adult. We disagree. *Graham*'s prohibition against life without parole

sentences for juvenile offenders does not extend to adult reoffenders like Singleton. And "[t]he Court in *Graham* did not call into question the constitutionality of using prior convictions, juvenile or otherwise, to enhance the sentence of a convicted adult." *United States v. Scott*, 610 F.3d 1009, 1018 (8th Cir. 2010); *see also Hastie v. State*, 267 So. 3d 1037, 1037 (Fla. 4th DCA 2019) (holding that consideration of defendant's juvenile burglary offense to support a violent career criminal designation for crime committed as an adult was proper); *United States v. Robinson*, 489 Fed. Appx. 676, 678 (4th Cir. 2012) (holding that enhancing the defendant's sentence based on juvenile conviction and sentence did not violate the Eighth Amendment under *Graham* because the defendant was an adult when he committed the offense for which his sentence was enhanced); *see also United States v. Graham*, 622 F.3d 445, 462-63 (6th Cir. 2010).

Further, the language of the prison releasee reoffender statute is plain: it applies to any person who commits a qualifying offense within three years after being released "from a state correctional facility operated by the Department of Corrections." § 775.082(9), Fla. Stat. (2016). Nothing in the text of the statute indicates that a defendant's age at the time of his prior conviction and sentence is relevant to the application of section 775.082(9). *See, e.g.*, *Tatum v. State*, 922 So. 2d 1004 (Fla. 1st DCA 2006) (holding that enhancing defendant's sentence under section 775.082(9) based on prior commitment and release from a "youthful offender boot camp" was proper because the prison releasee reoffender statute makes no distinction between youthful offender commitments and adult commitments). The plain language of the statute controls. *English v. State*, 191 So. 3d 448, 450 (Fla. 2016). Accordingly, the enhancement of Singleton's sentence to a mandatory life sentence as a prison releasee reoffender under section 775.082(9) was lawful.

AFFIRMED.

B.L. THOMAS and OSTERHAUS, JJ., concur.

3

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Andy Thomas, Public Defender, and Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Tabitha Herrera, Assistant Attorney General, Tallahassee, for Appellee.