DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**OSCAR MOLINET-GONZALEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2912

[June 25, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Jeffrey W. Hendriks, Judge; L.T. Case No. 2018CF003307 A.

Daniel Eisinger, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Paul Patti, III, Senior Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Oscar Molinet-Gonzalez ("Defendant") appeals his conviction and sentence for one count of aggravated assault on a law enforcement officer with a deadly weapon. Defendant argues the trial court erred in three respects: (1) in denying his motion for judgment of acquittal as the State failed to prove intentional conduct; (2) in sentencing him as a Violent Career Criminal ("VCC"); and (3) in sentencing him as a Prison Releasee Reoffender. We affirm on issues 1 and 3 without further comment. *See State v. Williamson*, 348 So. 3d 48 (Fla. 5th DCA 2022); *Jackson v. State*, No. 4D2024-0819, 2025 WL 1119094 (Fla. 4th DCA Apr. 16, 2025). For the reasons discussed below, we reverse on issue 2.

At the sentencing hearing, the State sought to have Defendant sentenced as a VCC. At issue in this case is whether Defendant's 2016 conviction for felon in possession of ammunition qualified as a "felony violation of chapter 790 involving the use or possession of a firearm" under the VCC statute, section 775.084, Florida Statutes (2023).

The only evidence which the State presented as to the 2016 conviction was a certified copy of the judgment reflecting that Defendant had been adjudicated guilty of "felon in poss. Ammo (Actual)" contrary to sections "775.087(2)" and "790.23(1)(a)(c)(d)(e)." The State acknowledged the 2016 judgment did not reflect a conviction for possession of a firearm, but argued Defendant's PSI report demonstrated this prior conviction also involved a firearm. Specifically, the State referenced a portion of the PSI report summarizing the arrest affidavit from that case. In relevant part, the summary noted that Defendant had a loaded revolver in his vehicle when he was arrested. Notably, although the State referenced the PSI report, the record does not indicate that the report was actually introduced into evidence.

In response, Defendant argued the 2016 conviction did not qualify as a "felony violation of chapter 790 involving the use or possession of a firearm" as Defendant was convicted of possession of ammunition only. Defendant also told the trial court that he was initially "charged as possession of firearm," but the charge was later reduced to possession of ammunition after the firearm was determined to be an antique. Neither the State nor the trial court quarreled with this assertion. To the contrary, the trial court responded, "I'm not doubting what you're saying."

In finding the 2016 conviction constituted a qualifying offense, the trial court relied exclusively on the PSI report:

> There's a conviction of possession of a firearm by a felon page six near the top shows under the sworn to PSI created by the parole and probation officer as well as, uh, notarized. I say notarized, approved by the probation officer's supervisor that located under the driver's seat was a loaded Smith & Wesson revolver. This leads me to believe by a preponderance of the evidence that there's been a meeting of 775.084(1)(d)1.g., which is violation of 790. 790 is essentially the firearm statute.

Defendant was thereafter designated a VCC and sentenced to a minimum mandatory term of 30 years in prison.

After filing his notice of appeal, but before any briefs were filed, Defendant filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). Among other things, Defendant argued, for the first time, that the trial court erroneously relied on the PSI report. The trial court denied the motion.

"Because a motion to correct a sentencing error involves a pure issue of law, our standard of review is de novo." *Metellus v. State*, 310 So. 3d 90, 92 (Fla. 4th DCA 2021) (citation omitted).

Under section 775.084(1)(d), a defendant qualifies for VCC designation if the defendant has been convicted as an adult three or more times for any of the following offenses:

a. Any forcible felony, as described in s. 776.08;

b. Aggravated stalking, as described in s. 784.048(3) and (4);

c. Aggravated child abuse, as described in s. 827.03(2)(a);

d. Aggravated abuse of an elderly person or disabled adult, as described in s. 825.102(2);

e. Lewd or lascivious battery, lewd or lascivious molestation, lewd or lascivious conduct, or lewd or lascivious exhibition, as described in s. 800.04 or s. 847.0135(5);

f. Escape, as described in s. 944.40; or

g. **A felony violation of chapter 790 involving the use or possession of a firearm**.

§ 775.084(1)(d)1., Fla. Stat. (2023) (emphasis added).

On appeal, Defendant primarily challenges his VCC sentence on two grounds. First, Defendant argues that by relying on the information contained in the PSI report to determine whether the possession of ammunition conviction qualified, the trial court impermissibly "went behind the four-corners" of the 2016 judgment and essentially collaterally attacked the judgment. We agree.

As an initial matter, we note that Defendant failed to preserve this issue. Defendant's claim that the trial court improperly considered the PSI report at the sentencing hearing involves an error in the sentencing process. *See Jackson v. State*, 983 So. 2d 562, 572–73 (Fla. 2008). Such a claim is not cognizable in a rule 3.800(b) motion. *See id.* at 574. Therefore, in order to preserve the issue, Defendant was required to raise a contemporaneous objection at the sentencing hearing. *See id.* at 569. As Defendant failed to do so, this unpreserved claim is reviewable only for fundamental error. *Id.*

"To be sentenced as a violent career criminal, the State must present evidence that the defendant had been convicted as an adult three or more times for an offense enumerated in the applicable statute." *Moore v. State*, 944 So. 2d 1063, 1064 (Fla. 4th DCA 2006). In determining whether the state has met its burden, "[t]he trial court can rely upon certified copies of convictions and original court records." *Id.* Trial courts can also rely upon information contained in PSI reports under certain circumstances. *See Eutsey v. State*, 383 So. 2d 219, 225 (Fla. 1980) ("There is no constitutional prohibition against the use of presentence investigation reports in habitual offender proceedings; however, because the trial court must make separate statutory findings to justify an enhanced sentence, it is imperative, where the defendant disputes the truth of hearsay statements contained in presentence investigation reports, which would be material to the statutory findings which the trial court is required to make, that the court require the State to produce corroborating evidence.").

Here, although Defendant did not object to consideration of the PSI report or otherwise dispute the truth of the hearsay statements contained therein, we conclude the trial court's reliance on the PSI report constitutes fundamental error. Aside from the fact that the PSI report was not introduced into evidence, no legal justification exists for the trial court to look beyond the 2016 judgment. The certified copy of the 2016 judgment clearly and unambiguously listed the crime of conviction as felon in possession of ammunition only and included the statute numbers. Moreover, if, as represented by Defendant at the sentencing hearing, the original charge was in fact reduced from felon in possession of a firearm to felon in possession of ammunition because the firearm was found to be an antique, then no "firearm" was involved as contemplated under chapter 790. *See* § 790.001(6), Fla. Stat. (2018) ("The term 'firearm' does not include an antique firearm unless the antique firearm is used in the commission of a crime."). Under these circumstances, the trial court's reliance on the PSI report constitutes fundamental error.

Defendant next argues his felon in possession of ammunition conviction does not qualify as a "felony violation of chapter 790 involving the use or possession of a firearm" for purposes of VCC sentencing as a matter of law. Specifically, Defendant argues "[t]he plain language of section 775.084(1)(d)1.g. makes it clear that among the enumerated section 790 crimes which are qualifiers for VCC sanction imposition, only those which, by their elements, concern felony use or possession of firearms are applicable. Ammunition, by its plain and ordinary meaning, is not a firearm." We agree.

Our holding in *Bynes v. State*, 127 So. 3d 556 (Fla. 4th DCA 2012), is instructive. In that case, we considered the issue of whether the offense of aggravated fleeing and eluding qualified as a "forcible felony" for VCC sentencing. *Id.* at 557. Specifically, whether the offense fell within section 776.08's "catchall" provision defining a forcible felony as "any other felony which involves the use or threat of physical force or violence against any individual." *Id.* (quoting § 776.08, Fla. Stat. (2002)). In applying the statutory elements test as required by *State v. Hearns*, 961 So. 2d 211, 216 (Fla. 2007), and *Perkins v. State*, 576 So. 2d 1310 (Fla. 1991), we determined the offense of aggravated fleeing and eluding did not qualify as a "forcible felony":

> While this offense often poses a great risk of physical harm to others, we conclude that this offense can be committed without the use of physical force or violence against an individual. The offense can be committed merely by driving at high speed or by driving in a manner showing wanton disregard for "property." To determine whether a crime falls within the definition of a "forcible felony," *Hearns* and *Perkins* require us to look at the statutory elements of the crime and not to the actual circumstances of this case. Because this offense can be committed in a manner that does not necessarily require the use or threat of physical force or violence against an individual, the offense does not qualify under the final clause of the VCC statute.

*Id.* at 558.

Here, as in *Bynes*, the offense of felon in possession of ammunition can be committed in a manner that does not involve the use or possession of a firearm. In fact, a person can possess ammunition without also possessing a firearm. Thus, in applying the statutory elements test, the offense of possession of ammunition does not qualify as a "felony violation of chapter 790 involving the use or possession of a firearm."

The State nonetheless argues that under the VCC statute, a defendant is not required to have actually possessed or used a firearm for the offense to qualify as a "felony violation of chapter 790 involving the use or possession of a firearm." Instead, the State maintains the VCC statute only requires conviction of a felony offense that *involves* the use or possession of a firearm. Thus, as felon in possession of ammunition is "undoubtedly a category of offense 'involving' the possession or use of a firearm," the State maintains the offense qualifies.

5

In support of its position, the State relies on our holding in *State v. I.J.*, 258 So. 3d 473 (Fla. 4th DCA 2018). In that case, the juvenile defendant acted as a lookout during a burglary. *Id.* at 475. After the juvenile defendant pled guilty to several counts, including armed burglary of a conveyance, the state sought to have imposed a 15-day secure detention enhancement as part of the disposition under section 790.22, Florida Statutes (2017). *Id.* Section 790.22, which applies to minors, provides for a mandatory 15-day detention enhancement "if the minor is found to have committed an offense that involves the use or possession of a firearm, as defined in s. 790.001." § 790.22(9)(a), Fla. Stat. (2017). The trial court declined to impose the 15-day enhancement because the juvenile defendant did not have actual possession of the firearm, only his accomplices had actual possession. *I.J.*, 258 So. 3d at 475.

On appeal, we determined the 15-day enhancement applied even though the juvenile defendant did not actually possess a firearm. *Id.* at 475-76. We reasoned section 790.22(9)(a)'s plain language "does not require *actual* use or *actual* possession, and to the contrary, only requires conviction of an offense that *involves* the use or possession of a firearm. Therefore, the statute does not focus on the specific actions of the defendant, but instead, the category of the offense." *Id.* at 476–77. As the offense of armed burglary of a conveyance "certainly involves the use or possession of a firearm" in that it "necessitates that the defendant is 'armed' or 'arms himself,'" we held the offense qualified for the sentencing enhancement even though the defendant did not actually possess a firearm. *Id.* at 477.

We do not quarrel with the State's assertion that section 775.084(1)(d)1.g. does not require *actual* use or possession of a firearm, but rather only requires conviction of an offense that *involves* the use or possession of a firearm. The problem is, unlike the armed burglary offense in *I.J.* which, by its elements, necessarily involved the use or possession of a firearm, the offense of felon in possession of ammunition can be committed in a manner that does not involve the use or possession of a firearm. If the legislature had intended for possession of ammunition to qualify as a predicate offense for VCC enhancement purposes, it could have added language to section 775.084(1)(d)1.g. stating as much. The legislature, however, unambiguously used the word "firearm" only. *See generally Sun Gas Mktg. & Petroleum LLC v. BJ's Wholesale Club Inc.*, 383 So. 3d 118, 122 (Fla. 4th DCA 2024) ("[I]f the language of a statute is clear and unambiguous, the legislative intent must be derived from the words used without involving rules of construction or speculating as to what the legislature intended." (citations omitted)).

Accordingly, we reverse Defendant's VCC sentence and remand with instructions that the trial court resentence Defendant.

*Affirmed in part, reversed in part, and remanded.*

MAY and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***