ON MOTION FOR REHEARING

STONE, J.
We deny Bynes’ motion for rehearing. However, we withdraw the opinion issued July 30, 2003, and substitute the following:
Bynes was sentenced as a violent career criminal to concurrent terms of forty years for the offenses of fleeing and eluding and aggravated assault on a law enforcement officer and to fifteen years for resisting arrest with violence and grand theft.
On appeal, he asserts that the violent career criminal statute is unconstitutional as applied because his prior felony convictions for burglary of an unoccupied conveyance were not violent crimes. We conclude that burglary of an unoccupied conveyance was included as a qualifying offense under the statute and that the effect is not unconstitutional. We, therefore, affirm Bynes’ conviction and sentence as a violent career criminal.
Any defendant who has previously been convicted as an adult three or more times for a forcible felony as de *291 scribed in section 776.08[1] must be sentenced as a violent career criminal. § 775.084(l)(d), Fla. Stat. (2001). Under section 776.08, a “forcible felony” consists of:
treason; murder; manslaughter; sexual battery; carjacking; home-invasion robbery; robbery; burglary; arson; kidnapping; aggravated assault; aggravated battery; aggravated stalking; aircraft piracy; unlawful throwing, placing, or discharging of a destructive device or bomb; and any other felony which involves the use or threat of physical force or violence against any individual.
§ 776.08, Fla. Stat. (emphasis added) To the extent that the term “burglary,” in the definition of “forcible felony” includes any burglary, even that of an unoccupied conveyance, Bynes argues that the violent career criminal statute is unconstitutionally over-inclusive.
We agree, however, with the Third District’s interpretation of the forcible felony statute. In Rodriguez v. State, 826 So.2d 464, 466 (Fla. 3d DCA 2002), the Third District determined that the phrase, “involves the use or threat of physical force or violence against any individual” cannot rationally be read as a limitation on all of the crimes previously listed in the forcible felony statute. Id.; see also Delsol v. State, 837 So.2d 428, 429 (Fla. 3d DCA 2002).
We review the constitutionality issue in light of the rational basis standard. Shapiro v. State, 696 So.2d 1321, 1326-27 (Fla. 4th DCA 1997). The rational basis test requires the legislature to have a legitimate purpose for enacting the statute and to select means which have a reasonable and substantial relation to its purpose which are not unreasonable, arbitrary, or capricious. State v. Saiez, 489 So.2d 1125, 1128 (Fla.1986).
The legislative purpose of the violent career criminal statute is set out in section 775.0841:
The Legislature finds a substantial and disproportionate number of serious crimes are committed in Florida by a relatively small number of repeat and violent felony offenders, commonly known as career criminals.... The Legislature intends ... to incarcerate them for extended terms; and, in the case of violent career criminals, such extended terms must include substantial mandatory minimum terms of imprisonment.
The legislative intent expressed in section 775.0841 applies to all career criminals and violent career criminals. This includes, in order from least severely punished to most severely punished: habitual felony offenders (two prior felonies), habitual violent felony offenders (one prior enumerated felony), three-time violent felony offenders (two prior enumerated felonies), and violent career criminals (three prior enumerated felonies). See § 775.084(a)-(d), Fla. Stat. (2001); Fla. H.R. Comm, on Crime and Punishment, CS/HB 121, Final Analysis (June 22, 1999). Notably, the prison releasee reof-fender statute, also in chapter 775, does not include simple burglary as a predicate offense, but does include “Armed burglary; [and] ... Burglary of a dwelling or burglary of any occupied structure.” § 775.082(9)(a)l. p. and q., Fla. Stat. (2001) (emphasis added).
*292 Bynes could not have been sentenced as a prison releasee reoffender, a three-time violent felony offender or a habitual violent felony offender because those statutes do not list “burglary” as one of the qualifying offenses. See § 775.084(l)(b)l.m. and (c)l.m., Fla. Stat. (2001). Simple burglary is included only in the sentencing enhancement available for violent felons. Nevertheless, the inclusion is rationally related to the legislature’s goal of punishing career felony offenders who have previously been convicted of three enumerated felonies at the time of sentencing. As such, these repeat offenders face a harsher punishment than the felony offenders who have not committed the requisite number of enumerated felonies.
To conclude that burglary cannot be a “violent” felony when the structure or conveyance being burglarized is unoccupied would substitute this court’s opinion for the expression of the legislature. To do so, we would have to hold that generic burglary of an unoccupied conveyance or structure is, per se, not a violent crime. We decline to make this determination. Further, the United States Supreme Court has recognized the inherent violence present in all burglaries in reading a generic burglary definition into the federal sentence enhancement statute:
The fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate. And the offender’s own awareness of this possibility may mean that he is prepared to use violence if necessary to carry out his plans or to escape. Congress apparently thought that all burglaries serious enough to be punishable by imprisonment for more than a year constituted a category of crimes that shared this potential for violence and that were likely to be committed by career criminals. There never was any proposal to limit the predicate offense to some special subclass of burglaries that might be especially dangerous, such as those where the offender is armed, or the building is occupied, or the crime occurs at night.
Taylor v. U.S., 495 U.S. 575, 588, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). As the Supreme Court’s opinion demonstrates, it is not unreasonable or irrational to equate simple burglary with a violent felony.
Legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest. See Robinson v. State, 804 So.2d 451, 453 (Fla. 4th DCA 2001). We hold that the violent career criminal statute is rationally related to the legislative purpose of treating those who have made a career out of committing the designated felonies more severely than others.
As the Supreme Court did in Taylor, 495 U.S. at 588, 110 S.Ct. 2143, we, too, reject the idea that the legislature had meant to adopt an approach that would require the sentencing court to engage in a fact-finding process regarding the violent nature of the defendant’s prior offenses.
In fact, the legislature was aware that the violent career criminal statute encompassed a broader array of crimes than the other sentencing enhancement statutes, as is evidenced by the bill analysis for the three-strikes violent felony offender statute, which reads:
[T]he career criminal enhanced penalty allows more types of offenses to be counted towards the number of priors necessary before the enhanced penalty may be imposed. The crimes that may be counted under career criminal but not three-strikes include: burglary, escape, possession of a firearm by a con *293 victed felon, and lewd, lascivious, or indecent assault upon or in the presence of a child.
Fla. H.R. Comm, on Crime and Punishment, HB 121, Bill Analysis & Econ. Impact Statement (Feb. 4,1999).
We, therefore, conclude that the legislature intended to include the crime of burglary, including that of an unoccupied conveyance, as a predicate offense under the violent career criminal statute and that the inclusion of simple burglary does not render the statute unconstitutional. As to all other issues raised, we also find no reversible error or abuse of discretion.
GUNTHER and STEVENSON, JJ., concur.

. Other qualifying offenses include aggravated stalking, aggravated child abuse, aggravated abuse of an elderly or disabled adult, lewd or lascivious battery, lewd or lascivious molestation, lewd or lascivious conduct, lewd or lascivious exhibition, escape, and a felony violation of chapter 790 involving the use or possession of a firearm.