966 So.2d 470 (2007)
George ESTEVES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2408.
District Court of Appeal of Florida, Fourth District.
October 10, 2007.
*471 George Esteves, Perry, pro se.
No appearance required for appellee.
PER CURIAM.
George Esteves appeals the order summarily denying his rule 3.800(a) motion, challenging his habitual felony offender sentence imposed for aggravated battery on a law enforcement officer, committed in January 1995. He asserted that section 775.0823(9), Florida Statutes (1995), authorized the trial court to sentence him only pursuant to the sentencing guidelines. We affirm.
We agree with Esteves that the trial court erred in denying his motion as successive to his prior rule 3.800(a) motion, without attaching any portions of the record to support its conclusion that the same argument was raised in that motion. Waterfield v. State, 736 So.2d 735 (Fla. 2d DCA 1999). Moreover, our own records for his prior appeal, Esteves v. State, 947 So.2d 446 (Fla. 4th DCA 2006) (Table), indicate that this argument actually was not raised in his prior rule 3.800(a) motion.
However, the error was harmless. Esteves' precise claim was procedurally barred because it was raised and rejected on direct appeal. Esteves v. State, 837 So.2d 990 (Fla. 4th DCA 2003) (Table). Furthermore, it lacks merit. See Mills v. State, 822 So.2d 1284, 1287 (Fla.2002) (concluding that, although certain offenses were excluded from habitual sentencing, "the Legislature did not intend felony convictions pursuant to section 784.07 to be so excluded"); Kenon v. State, 780 So.2d 258 (Fla. 5th DCA 2001); Staff of Fla. H.R. Comm. on Crime Prevention, Corrections & Safety, HB 375, Staff Analysis at 6 (March 27, 2001) (explaining that 2001 amendment to section 775.0823 was "intended to clarify that a defendant convicted of one of these offenses could be punished under the Criminal Punishment Code or could receive an enhanced sentence such as a habitual felony offender sentence") (emphasis added).
Affirmed.
STONE, POLEN and MAY, JJ., concur.