970 So.2d 862 (2007)
Dexter GUNN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3770.
District Court of Appeal of Florida, Fourth District.
November 21, 2007.
Rehearing Denied January 17, 2008.
*863 Dexter Gunn, Carrabelle, pro se.
No appearance required for appellee.
PER CURIAM.
Dexter Gunn appeals an order denying his rule 3.800(a) motion to correct illegal sentence. The trial court denied the motion based on the state's response. The state argued for denial both because the motion was successive to prior motions raising the same claim of discrepancy between the sentencing judge's oral pronouncement and his written sentence, and on the merits.
We disagree with the state's first reason; there is no indication that the claim ever was considered on the merits before. Until the supreme court issued Williams v. State, 957 So.2d 600 (Fla.2007), this court took the position that such a ground was not cognizable in a rule 3.800(a) motion. See Kelly v. State, 739 So.2d 1164 (Fla. 5th DCA 1999) (holding that consideration under rule 3.800(a) was not barred by law of the case because motion was first denied on procedural grounds).
However, upon consideration of the entire transcript of the sentencing hearing, as well as the trial court's separate written habitualization order, which was entered on the same date as the sentencing hearing, we agree that, on the merits, Gunn's claim either is refuted by the record, or at best is ambiguous; certainly, it is not one that is clear on the face of the record. "When the alleged illegality of the sentence is not apparent on the face of the record, a rule 3.850 motion is the only available remedy." Renaud v. State, 926 So.2d 1241, 1242 (Fla.2006).
Affirmed.
STONE, FARMER and HAZOURI, JJ., concur.