PER CURIAM.
 

 Appellant Edward Bivins challenges an order barring him from filing further pro se papers in relation to his conviction and sentence. We reverse.
 

 A Leon County jury convicted Bivins of burglary of a structure, for which the circuit court sentenced appellant to five years in prison. The Department of Corrections (Department) determined that by this conviction and sentence, Bivins violated his parole in connection with two unrelated offenses, committed in Gadsden County. A Gadsden County court thus recommitted appellant to serve the 11 years in prison remaining on sentences imposed in Gadsden County Case Numbers 93-265 and 93-481.
 

 Defense counsel filed a motion to clarify and/or modify sentence, inquiring of the Circuit Court for Leon County whether the sentence for burglary was to run concurrently with, or consecutive to, the sentences for violation of parole. The circuit court denied the motion, asserting that “the Court did not intend to sentence Mr. Bivins concurrently with any sentence imposed in any other case.” Before the direct appeal, appellate counsel filed a motion to correct sentencing error, pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Citing
 
 Richardson v. State,
 
 947 So.2d 1219, 1221 (Fla. 1st DCA 2007), appellant argued that the sentencing court failed to “exercise its discretion to order a sentence imposed for an offense committed while on community release concurrent or consecutive to [the] community release sentence.” The circuit judge found no infirmity with the sentence, and in denying the motion concluded that “[n]o motion for clarification, rehearing or reconsideration of the order, however titled, shall be allowed nor will any such motion be entertained if filed.”
 

 
 *69
 
 After Bivins lost his direct appeal, he filed a pro se motion pursuant to Florida Rule of Criminal Procedure 3.800(c), requesting the court to run the sentences concurrently. The court denied the motion, but also directed Bivins to show cause why he should not be barred from filing further pro se motions in this case and why the court should not recommend that the Department take appropriate disciplinary action. Appellant filed a motion to show cause, stating he filed the subject motion only on the advice of counsel, who, Bivins said, told him, “Perhaps you can ask the Court to make the sentences concurrent in a rule 3.800(c) motion.” The circuit court nonetheless entered an order barring appellant from filing further pro se pleadings in the case.
 

 We review a determination on “the ability of a pro se litigant to separately address the court” for abuse of discretion.
 
 See Sheppard v. State,
 
 17 So.3d 275, 280 (Fla.2009). “Courts may, upon a demonstration of egregious abuse of judicial process, restrict parties from filing pro se pleadings with the court.”
 
 State v. Spencer,
 
 751 So.2d 47, 47 (Fla.1999). Though we are sensitive to the need for judicial economy and the efficient administration of justice, we also observe that pro se litigants are afforded some latitude in the filing of papers.
 
 See Mims v. State,
 
 994 So.2d 1233 (Fla. 3d DCA 2008) (providing that “denying a pro se litigant the opportunity to file future petitions is a serious sanction, especially where the litigant is a criminal defendant”);
 
 Martin v. Stewart,
 
 588 So.2d 996, 996 (Fla. 4th DCA 1991) (referring to “extreme remedy” of barring defendant from further pro se filings).
 

 Historically, moreover, the interests of justice have abided some rather uninhibited pro se filers, litigants far more prolific in their consumption of judicial resources than Mr. Bivins.
 
 See, e.g., Minor v. State,
 
 963 So.2d 797, 798 (Fla. 3d DCA 2007) (directing clerk of court “not to accept any further pro se pleadings from defendant” only after tenth post-conviction motion for relief);
 
 Martin,
 
 588 So.2d at 996 (invoking “extreme remedy” of barring appellant from filing further pro se papers” after entertaining “at least fifteen separate proceedings”). Having filed but a single pro se petition, appellant has not yet exhibited the sort of reflexive caviling that might warrant such a serious sanction, his failure to follow a duly rendered court order notwithstanding. In this case, we find the trial court abused its discretion by prohibiting appellant from filing further pro se motions. The trial court order prohibiting Bivins from filing future pro se papers is thus REVERSED.
 

 KAHN, PADOVANO, and WETHERELL, JJ., concur.