PER CURIAM.
 

 Appellant, Thomas E. Jordan, challenges the trial court’s order barring him from filing future pro se motions. The trial court stated that it was imposing the sanction due to the repetitive nature of Appellant’s motions. However, all of Appellant’s motions have been filed pursuant to Florida Rule of Criminal Procedure 3.800(a), which allows for the filing of mul
 
 *797
 
 tiple motions. A rule 8.800(a) motion cannot be classified as successive unless it raises a claim that has previously been addressed on the merits.
 
 State v. McBride,
 
 848 So.2d 287, 291 (Fla.2003). In this case, the trial court stopped addressing Appellant’s claims on the merits after his second motion, and none of Appellant’s ensuing motions raised those previously adjudicated claims. Thus, the trial court incorrectly classified these motions as repetitive, and it erred in sanctioning Appellant on that basis.
 
 Mims v. State,
 
 994 So.2d 1233, 1235-36 (Fla. 3d DCA 2008). We, therefore, VACATE the trial court’s order barring Appellant from filing future pro se motions.
 

 DAVIS, VAN NORTWICK, and ROWE, JJ., concur.