PER CURIAM.
We reverse the trial court’s order striking the appellant’s first postconviction relief motion, filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court struck the motion for postconviction relief based upon the court’s prior orders prohibiting the appellant from filing future pro se pleadings. The order was entered pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999). Spencer permits a court to prohibit a litigant who has filed repetitious and frivolous pleadings and papers from filing further attacks on his or her conviction and sentence, after notice and opportunity to be heard. In this case, the appellant had filed repetitious pleadings and papers while his case was on direct appeal from his conviction and sentence. He has not had the opportunity to file any motion for postconviction relief.
While we can sympathize with the frustration of the circuit court, we do not believe that Spencer was ever intended to be used to prohibit a prisoner from filing at least a first motion for postconviction relief. See Bivins v. State, 35 So.3d 67 (Fla. 1st DCA 2010). Spencer and its progeny seek to prevent a prisoner from flooding the courts with repetitious, successive, and frivolous pleadings. Here, appellant is being prohibited from filing his first, non-successive motion for postconviction relief. We conclude that he is entitled to file that motion.
Although we permit the filing of this first postconviction motion, we caution the appellant that, should he abuse the process by continually filing additional pleadings, he may face the same prohibition again.
GROSS, C.J., WARNER and HAZOURI, JJ., concur.