PER CURIAM.
Defendant appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, and the trial court’s order prohibiting him from filing further pro se motions. We affirm the denial of the rule 3.850 motion, but remand for the limited correction of a scrivener’s error as discussed below. We reverse the trial court’s order prohibiting Defendant from filing future pro se pleadings.
Defendant was charged with committing three offenses, including attempted felony murder in the first degree. In exchange *628 for his plea, the State agreed to reduce that offense to attempted felony murder in the second degree. The plea form described the reduced offense as attempted felony murder in the second degree. During the plea colloquy, the court and the parties repeatedly described the reduced offense as attempted felony murder in the second degree. However, at one point during the colloquy, the trial court omitted the word “felony” and described the offense as “attempted second degree murder.” The latter offense was reflected on the written judgment. Defendant did not file a direct appeal, but he filed a postcon-viction motion under rule 8.800(a) and one under rule 3.850.
The instant motion was Defendant’s second rule 3.850 motion, and his third post-conviction motion ever filed. He argued that he was entitled to relief under rule 3.850 based on newly discovered evidence. Particularly, he claimed that he discovered in 2009 that the written judgment reflected a conviction for attempted second degree murder instead of attempted second degree felony murder. He also argued that the court committed a manifest injustice by accepting a plea for an uncharged offense. The trial court summarily denied the motion as untimely and issued an order to show cause to Defendant as to why he should not be prohibited from filing future pro se motions pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999). After receiving his response, the court barred Defendant from future pro se filings.
With regard to the rule 3.850 motion, we agree that the motion was untimely filed and that the newly discovered evidence exception did not apply since the written judgment was available before the two-year deadline had expired. See Schultheis v. State, 125 So.3d 932 (Fla. 4th DCA 2013). Therefore, we affirm the lower court’s ruling. Nevertheless, we understand why the discrepancy between the written judgment and Defendant’s plea form has caused some confusion. Based on the transcripts, the plea form, Defendant’s motion, and the State’s response, it is clear that the parties agreed to a reduced charge of attempted second degree felony murder. Therefore, the omission of the word “felony” on the judgment appears to be a scrivener’s error that warrants correction. The State has no objection. Accordingly, we remand to the lower court for the limited purpose of correcting this scrivener’s error on the judgment so that it is consistent with the terms of the plea agreement.
Furthermore, we find that the trial court abused its discretion in barring Defendant from further pro se filings after his third postconviction motion. Florida courts have long recognized the need for judicial economy and the importance of curtailing the egregious abuse of judicial processes. See, e.g., Bivins v. State, 35 So.3d 67 (Fla. 1st DCA 2010). Nevertheless, barring a criminal pro se litigant from filing future petitions has been described as an “extreme remedy” which should be reserved for those who have repeatedly filed successive, frivolous, and meritless claims which were not advanced in good faith. See Martin v. Stewart, 588 So.2d 996 (Fla. 4th DCA 1991); see also Mims v. State, 994 So.2d 1233 (Fla. 3d DCA 2008).
In this case, Defendant previously filed a rule 3.800(a) motion and a timely rule 3.850 motion. Although those motions did not succeed, the issues raised were not successive or repetitive and they appeared to have been advanced in good faith. See Jordan v. State, 36 So.3d 796 (Fla. 1st DCA 2010) (vacating order barring appellant from future pro se filings because his second rule 3.800(a) motion contained issues not previously raised and was not successive).
*629 Moreover, the instant claim, although untimely, was grounded on a clear and undisputed discrepancy in the record which had not been previously raised or addressed on the merits. While there is no bright line rule on the maximum number of filings a pro se litigant can make before he is barred, we do not think that the three filings in this case justify such a serious sanction. Therefore, we reverse the trial court’s order prohibiting Defendant from filing any future pro se pleadings.

Affirmed in fart, reversed in part, and remanded.

MAY, GERBER and LEVINE, JJ., concur.