NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


BRIAN CASEY,                               )
                                           )
            Petitioner,                    )
                                           )
v.                                         )       Case No. 2D14-879
                                           )
STATE OF FLORIDA,                          )
                                           )
            Respondent.                    )
_____)

Opinion filed December 3, 2014.

Petition for Writ of Mandamus to the Circuit
Court for Lee County; Edward J. Volz, Jr.,
Judge.

Brian Casey, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Robert Krauss, Assistant
Attorney General, Tampa, for Respondent.


        ORDER RESTRICTING PETITIONER FROM FUTURE PRO SE FILINGS

PER CURIAM.


        By order of June 16, 2014, we denied Brian Casey's petition for writ of

mandamus.  In the same order, we noted that Mr. Casey's frequent and repetitious

petitions raising successive claims in various combinations have burdened the limited

resources of this court, which are better reserved for the resolution of genuine disputes. We explained that Mr. Casey has initiated more than sixty-five proceedings in this court stemming from his criminal charges in Lee County Circuit Court case numbers 10-CF-17674, 10-CF-19724, 10-CF-19726, and 10-CF-19945.

From 2011 until the present, Mr. Casey filed fourteen petitions for writ of mandamus, four petitions for writ of habeas corpus, twenty-two petitions for writ of prohibition, one petition for writ of certiorari, three petitions for belated appeal, and three petitions alleging ineffective assistance of appellate counsel, all of which were either dismissed or denied. He also filed two appeals from the summary denials of motions for postconviction relief filed under Florida Rule of Criminal Procedure 3.850, which were affirmed; seven appeals from the summary denials of rule 3.800(a) motions to correct an illegal sentence, all of which were dismissed; an appeal from the denial of a petition for writ of habeas corpus, which was dismissed; an appeal from the summary dismissal of a "notice of action," which was dismissed; a "pleading to review evidence of altered transcripts to court hearings," which was denied; four appeals from nonappealable orders, which were dismissed for lack of jurisdiction; and three direct appeals from his judgments and sentences, two of which were dismissed and one of which was affirmed.

Consequently, we directed Mr. Casey to show cause why this court should not direct the clerk to reject pleadings in this court related to his four circuit court case numbers unless the filing is related to a pending direct appeal of a judgment or sentence or submitted by a licensed Florida attorney. See State v. Spencer, 751 So. 2d 47, 48-49 (Fla. 1999).

In his response, Mr. Casey explains that he is untrained in the law and was attempting to correct what he believed were wrongs that occurred during his trial. He acknowledges that some of the pleadings were improperly filed and apologizes to the court. However, he argues that it will be a gross manifest injustice to bar him from appealing any adverse rulings should the postconviction court deny his pending rule 3.850 motion in circuit court case number 10-CF-19724. A review of this court's records establishes that the postconviction court denied Mr. Casey's motion and he has filed an appeal of that order in case number 2D14-4136.

We find that Mr. Casey has failed to show cause why he should not be prohibited from filing any future pro se original proceedings in this court. Each proceeding initiated by Mr. Casey was either devoid of merit or inappropriate for review in this court.

Accordingly, we direct the clerk of this court to place in an inactive file any original proceedings filed by Mr. Casey related to circuit court case numbers 10-CF-17674, 10-CF-19724, 10-CF-19726, and 10-CF-19945, and notices of appeal related to circuit court case number 10-CF-19724, unless the filing is signed by a member in good standing of The Florida Bar. See Spencer, 751 So. 2d at 48-49; see also Wilson v. State, 57 So. 3d 1000, 1000 (Fla. 4th DCA 2011). We caution Mr. Casey that the filing of any frivolous pro se appeals in circuit court case numbers 10-CF-17674, 10-CF-19726, and 10-CF-19945 may result in additional sanctions, such as a ban on future pro se notices of appeal in this court and/or referral to prison officials for disciplinary procedures. See Spencer, 751 So. 2d at 49; see also § 944.279(1), Fla. Stat. (2014); Fla. R. Crim. P. 3.850(n); Johnson v. State, 44 So. 3d 198, 201 (Fla. 4th DCA 2010).

We note that case numbers 2D14-2219 and 2D14-4136 remain pending and are not affected by this order.

ALTENBERND, KELLY, and WALLACE, JJ., Concur.