# Third District Court of Appeal

### State of Florida

Opinion filed February 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2245
Lower Tribunal No. 98-25761
_____

**Carlos Jose Garcia,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge.

Carlos Jose Garcia, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SUAREZ, C.J., and EMAS and FERNANDEZ, JJ.

SUAREZ, C.J.

Carlos Jose Garcia appeals the trial court's entry of an Order Barring the Filing of Further Pleadings. We reverse.

Garcia was convicted in 1999 and appealed his conviction. This Court affirmed. Garcia v. State, 761 So. 2d 1116 (Fla. 3d DCA 2000). Following that affirmance, Garcia has filed a total of three post-conviction motions, one of which was filed by counsel. In connection with his most recent motion, the trial court ordered him to show cause why he should not be precluded from further pro se filings, and, following his response precluded him from future pro se filings. We reverse as the filing of three post-conviction motions in this case, over a sixteen-year period, one filed by an attorney and the other two filed pro se, does not rise to the level of being an egregious abuse of the judicial process which would warrant barring Garcia from filing future petitions of merit.

As stated by the Court in Gaston v. State, 141 So. 2d 627, 628-29 (Fla. 4th DCA 2014): "Florida courts have long recognized the need for judicial economy and the importance of curtailing the egregious abuse of judicial processes. Nevertheless, barring a criminal pro se litigant from filing future petitions has been described as an 'extreme remedy' which should be reserved for those who have repeatedly filed successive, frivolous, and meritless claims which were not advanced in good faith. . . . While there is no bright line rule on the maximum number of filings a pro se litigant can make before he is barred, we do not think the three filings in this case justify such a serious sanction."

We do not think that the three particular filings in this case over a sixteen-year period is an egregious abuse of process. Therefore, the serious sanctions of barring the litigant from filing future pleadings is not warranted. We reverse the trial court's order prohibiting Defendant from filing any future pro se pleadings.

Reversed and remanded.