# Third District Court of Appeal

**State of Florida**

Opinion filed May 10, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2861
Lower Tribunal Nos. 07-37983, 08-662, 08-2880, 08-32265

_____

**Lazaro Quintero,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.315(a) from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Lazaro Quintero, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SUAREZ, C.J., and EMAS and LOGUE, JJ.

EMAS, J.

Lazaro Quintero appeals from the trial court's order barring Quintero from filing any further pro se pleadings or documents in four separate circuit court criminal cases.

We affirm the trial court's order insofar as it bars appellant from filing any further pro se pleadings or documents in circuit court case numbers 07-37983, 08-662, and 08-2880. However, we reverse insofar as the order prohibits appellant from filing any further pro se pleadings or documents in circuit court case number 08-32265. It is true that Quintero filed a number of pro se postconviction motions in case numbers 07-37983, 08-662 and 08-2880, and on appeal Quintero does not challenge the trial court's order as regards those cases.[1] As to case number 08-32265, however, the record and the relatively short postconviction history of the case establish that:

- On July 14, 2015, following a jury trial, Quintero was convicted of aggravated battery (Count I) and simple battery (Count II);

- On July 20, 2015 (prior to sentencing) Quintero filed a pro se motion for postconviction relief, which was later dismissed as premature;

---

[1] While Quintero has filed numerous postconviction motions under those three cases, it appears that the trial court may have grouped all four of Quintero's cases together in concluding that Quintero had abused the postconviction process in case number 08-32265. However, none of the motions filed under circuit court case numbers 07-37983, 08-662, and 08-2880 included case number 08-32265, nor did any of those motions seek relief related to case number 08-32265. In fact, those motions were filed while Quintero was still awaiting trial in case number 08-32265 or while that case was pending on direct appeal.

- On July 31, 2015, the trial court sentenced Quintero to fifteen years prison on Count I and a consecutive 364 days in county jail on Count II;

- Following our affirmance of Quintero's direct appeal of 08-32265 (3D15-1836, mandate issued August 18, 2016), Quintero filed a timely and legally sufficient pro se motion to mitigate sentence pursuant to rule 3.800(c);

- The trial court exercised its discretion and denied the motion to mitigate on October 14, 2016.

Within the body of the order denying Quintero's legally sufficient and timely filed motion to mitigate, the trial court concluded that "Mr. Quintero abused the judicial system by filing the instant motion." The trial court directed Quintero to show cause why he should not be barred from proceeding pro se in case number 08-32265. However, the record establishes that, as to this one case, Quintero filed only a premature motion for postconviction relief (the merits of which were not addressed) and a proper motion to mitigate sentence. The record does not support the trial court's determination that Quintero abused the postconviction process in case number 08-32265. See, e.g., Garcia v. State, 212 So. 3d 479 (Fla. 3d DCA 2017); Gaston v. State, 141 So. 3d 627 (Fla. 4th DCA 2014). We therefore reverse that portion of the order that prohibits Quintero from proceeding pro se in circuit court case number 08-32265. We affirm the trial court's order in all other respects.

Affirmed in part and reversed in part.