DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ELIAS ROSADO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2968

[March 6, 2019]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case No. 07-002858CF10A.

Elias Rosado, Florida City, pro se.

Ashley B. Moody, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Elias Rosado appeals an order summarily denying his second rule 3.850 motion and an order prohibiting further pro se filing in this case. We affirm the denial of the rule 3.850 motion and reverse the sanction.

In 2007, Rosado pleaded guilty to burglary of a structure, and he was sentenced to ten years in prison as a habitual offender. He filed a prior rule 3.850 motion that was denied after an evidentiary hearing and affirmed on appeal. *Rosado v. State*, 67 So. 3d 220 (Fla. 4th DCA 2011). He also filed a rule 3.800(a) motion to correct an illegal sentence that was denied and affirmed on appeal. *Rosado v. State*, 234 So. 3d 747 (Fla. 4th DCA 2017).

On July 19, 2017, Rosado filed this rule 3.850 motion alleging newly discovered evidence after he received a notice from the State that DNA statistical probabilities may have been miscalculated in his case. The notice stated that the Broward Sheriff's Office Crime Laboratory inappropriately used Combined Probability of Inclusion (CPI) to calculate the statistical probabilities of genetic profiles in complex mixture DNA

cases. The notice did not indicate whether CPI calculations were used in Rosado's case. He sought to withdraw his plea, alleging that he would have proceeded to trial if he had known that the DNA statistics were miscalculated.

The trial court ordered the State to file a response to the rule 3.850 motion in ninety days. After the State did not timely respond, Rosado filed two motions to hear and rule and he requested supplemental DNA discovery including all serology and DNA reports and to allow further testing.

More than a year after Rosado filed this rule 3.850 motion and eight months after the court's order, the State filed its response. The State explained that the notice about calculation errors in complex DNA mixture cases did not apply in this case because the sample analyzed was not a mixture. It was blood from a single person. The State argued there was no good cause to allow postconviction discovery. Referring to filings in Rosado's other cases, the State asked the court to prohibit further pro se filing.

The trial court denied the rule 3.850 motion, and following an order to show cause pursuant to *State v. Spencer*, 751 So. 2d 47 (Fla. 1999), the court prohibited further pro se filing in this case.

We affirm the denial of Rosado's rule 3.850 motion because the State's generic DNA *Brady*[1] notice does not apply to Rosado's case. As a result, there is no newly discovered evidence that could have affected the voluntariness of his plea.

However, we agree with Rosado that the trial court erred in prohibiting further pro se filing in this case. *See Gaston v. State*, 141 So. 3d 627 (Fla. 4th DCA 2014). Rosado's second rule 3.850 motion, filed in response to the State's *Brady* notice, was not an abuse of procedure. The *Brady* notice did not provide enough information for him to understand that the calculation error did not occur in his case. The *Spencer* order to show cause was directed at this case, not his other unrelated cases. On appeal, the State acknowledges that apart from his motions to hear and rule and his request for discovery, this case is controlled by *Gaston*. These motions were related to the State's delay in responding to the rule 3.850 motion. A prompt response would have shown that the *Brady* notice was inapplicable and there was no need for further discovery. The record does not show that Rosado abused the postconviction process in this case. *See* Fla. R.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

Crim. P. 3.850(n). Accordingly, the sanction prohibiting further pro se filing is reversed.

*Affirmed in part; reversed in part.*

WARNER, GROSS and KLINGENSMITH, JJ., concur.

\* \* \*

**_Not final until disposition of timely filed motion for rehearing._**

3