DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KEVIN ROLAND,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3033

[April 3, 2019]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case No. 11-16684CF10A.

Kevin Roland, South Bay, pro se.

Ashley B. Moody, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Kevin Roland appeals a sanction order prohibiting further pro se filing. Although he repeated a meritless postconviction claim, we find that the trial court erred in prohibiting further pro se filing without a warning or additional circumstances showing that Roland egregiously abused the legal process.

Following a jury trial, Roland was convicted of robbery and sentenced to 20 years in prison as a habitual offender with a 15-year mandatory minimum as a prison releasee reoffender (PRR). His conviction was affirmed on direct appeal, and he filed a timely rule 3.850 motion raising four claims. One claim alleged that the State failed to prove that he qualified for the enhanced sentences because the poor quality of the fingerprints on a prior conviction could not be used for comparison. However, there was another copy of the fingerprints in the record that permitted a comparison. The rule 3.850 motion was summarily denied and affirmed on appeal.

Two years later, Roland filed this rule 3.800(a) motion or petition for writ of habeas corpus. He again argued that the State failed to show that he qualified for a PRR sentence because an expert was unable to match his fingerprints to those on a predicate conviction. He maintained that the State could not use this prior conviction to establish his prior release date from prison. He did not allege that he did not actually qualify for PRR sentencing, only that the State did not prove his prior release date.

The State showed that the claim was meritless because the trial court could rely on another copy of the certified conviction in the court record and the prison records provided enough identifying information to confirm it was him. *See Sustakoski v. State*, 992 So. 2d 306, 308 (Fla. 4th DCA 2008); *Moore v. State*, 944 So. 2d 1063, 1064 (Fla. 4th DCA 2006). In addition, unless he did not actually qualify, a defect in the sentencing procedure would not make the sentence illegal. *Ives v. State*, 993 So. 2d 117, 121 (Fla. 4th DCA 2008). Because he was repeating a claim that was already decided, the State asked the trial court to prohibit further pro se filing.

The trial court denied the rule 3.800(a) motion. After receiving a response to an order to show cause pursuant to *State v. Spencer*, 751 So. 2d 47 (Fla. 1999), the court prohibited Roland from further pro se filing.

An order prohibiting further pro se filing is reviewed for an abuse of discretion. *Ashe v. State*, 106 So. 3d 956, 957 (Fla. 4th DCA 2013).

Roland argues the sanction is an abuse of discretion because this was only his second postconviction motion. The State answers that the sanction was appropriate because Roland previously raised this issue and his claim was not cognizable in the pleading.

A court may refer a prisoner who has filed a frivolous postconviction motion to the Department of Corrections for disciplinary proceedings under section 944.279, Florida Statutes. "Under section 944.279, a court may sanction any frivolous post-conviction filing and/or appeal regardless of the prisoner's history of filing." *Johnson v. State*, 44 So. 3d 198, 200 (Fla. 4th DCA 2010). We agree that Roland's repetition of this meritless claim was frivolous. But, this Court has recognized that prohibiting all pro se filing is considered an "extreme remedy" for "curtailing the egregious abuse of judicial processes." *Gaston v. State*, 141 So. 3d 627, 628 (Fla. 4th DCA 2014); *see also Bivins v. State*, 35 So. 3d 67, 69 (Fla. 1st DCA 2010) (reversing a prohibition on further pro se filing where the defendant filed a single pro se motion raising a variation of an issue that the trial court already denied and ordered that it would not reconsider). Before

prohibiting all pro se filing, courts should consider whether a warning order or disciplinary referral may suffice to preserve judicial economy and protect the interests of justice.

Here, although Roland repeated an issue that was already denied on the merits, his limited pro se filings do not demonstrate egregious abuse of the postconviction process warranting the extreme sanction imposed in this case. Accordingly, the sanction order is reversed. On remand, the trial court may issue a warning.

*Reversed and remanded.*

DAMOORGIAN, LEVINE and FORST, JJ., concur.

*          *          *

***Not final until disposition of timely filed motion for rehearing.***