DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM E. BYNES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3593

[April 3, 2019]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 2001CF000912A.

William E. Bynes, Miami, pro se.

Ashley B. Moody, Attorney General, Tallahassee, and Lindsay A. Warner, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, C.J.

The defendant appeals from the circuit court's denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. The circuit court denied the motion, finding that the motion was procedurally barred as successive. Although we disagree with that finding, we nevertheless affirm, because the defendant's motion fails on the merits.

We present this opinion in three sections:
1. The defendant's underlying convictions and sentences;
2. The defendant's rule 3.800(a) motions; and
3. This appeal.

### 1. *The Defendant's Underlying Convictions and Sentences*

The defendant was convicted of four offenses committed in January 2001, which were charged as counts one, two, three, and seven.

At sentencing, the state argued that the defendant qualified as a violent career criminal (VCC) because the four offenses were enumerated felonies

committed within five years after the defendant's release from a sentence imposed as a result of a prior conviction for an enumerated felony, pursuant to section 775.084(1)(d)3.b., Fla. Stat. (2000). At that time, section 775.084(1)(d)3.b. provided, in pertinent part:

> "Violent career criminal" means a defendant for whom the court must impose imprisonment pursuant to paragraph (4)(d), if it finds that . . . [t]he primary felony offense for which the defendant is to be sentenced is a felony enumerated in subparagraph 1. and was committed on or after October 1, 1995, and . . . [w]ithin 5 years after the conviction of the last prior enumerated felony, or within 5 years after the defendant's release from a prison sentence, probation, community control, control release, conditional release, parole, or court-ordered or lawfully imposed supervision or other sentence that is imposed as a result of a prior conviction for an enumerated felony, whichever is later.

The circuit court agreed with the state's argument, and imposed VCC sentences on all four counts.

On direct appeal, we affirmed the convictions and sentences. *Bynes v. State*, 854 So. 2d 289 (Fla. 4th DCA 2003).

## 2. *The Defendant's Rule 3.800 Motions*

The defendant later filed four separate Florida Rule of Criminal Procedure 3.800(a) motions.

The defendant's first rule 3.800(a) motion argued that his VCC sentences on counts three and seven were illegal because the crimes charged under those counts were not enumerated felonies under the VCC statute. The circuit court denied that motion, but we agreed with the defendant's argument and reversed for resentencing on counts three and seven. *Bynes v. State*, 127 So. 3d 556, 557 (Fla. 4th DCA 2012).

The defendant then filed a second rule 3.800(a) motion, arguing that his VCC sentences on counts one and two were illegal because the offenses were committed more than five years after he should have been released from prison pursuant to a later resentencing. The circuit court denied the motion on the merits and we affirmed. *Bynes v. State*, 181 So. 3d 498 (Fla. 4th DCA 2015).

The defendant later filed a third rule 3.800(a) motion, this time arguing that his VCC sentences on counts one and two were illegal because the offenses were committed more than five years after his release from the specific sentence imposed for his last prior enumerated felony conviction. The circuit court denied the motion, finding that the defendant's argument was barred because he raised it in his second rule 3.800(a) motion. We summarily affirmed. *Bynes v. State*, 227 So. 3d 589 (Fla. 4th DCA 2017) (unpublished table decision).

The defendant then filed a fourth rule 3.800(a) motion, this time raising the same argument which he made in his third rule 3.800(a) motion. The circuit court denied the fourth motion, noting that "[the defendant's] proper eligibility under the VCC statute has been litigated on multiple occasions and has always been affirmed," and barred the defendant from further *pro se* filing.

### 3. *This Appeal*

This appeal followed. The defendant primarily argues that the circuit court erred in denying his third and fourth rule 3.800(a) motions as successive.

On further review, we agree with the defendant that his third and fourth rule 3.800(a) motions were not successive. The argument raised in those motions is different than the one raised in the second motion and has never been reviewed on its merits. *See State v. McBride*, 848 So. 2d 287, 289-90 (Fla. 2003); *Gunn v. State*, 970 So. 2d 862, 863 (Fla. 4th DCA 2007).

However, on the merits, we conclude that the circuit court's denial of the defendant's fourth rule 3.800(a) motion was proper. Nothing in the record shows that the enumerated felonies charged in counts one and two were committed more than five years after the defendant's last prior enumerated felony conviction, or more than five years after the defendant's release from his prison sentence imposed as the result of his last prior enumerated felony conviction. *Cf. Esteves v. State*, 966 So. 2d 470, 471 (Fla. 4th DCA 2007) (trial court's error in denying defendant's rule 3.800(a) motion as successive, without attaching any portions of the record to support its conclusion, was harmless where the defendant's claim had been raised and rejected on direct appeal, i.e., on the merits).

In sum, the circuit court ultimately did not err in denying the defendant's fourth rule 3.800(a) motion, because the record does not show the defendant is entitled to relief. Therefore, we affirm the denial of the

defendant's fourth rule 3.800(a) motion for reasons different than the reason upon which the circuit court relied.

*Affirmed.*

LEVINE and CONNER, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***