# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3214

_____

JOHN F. CASEY, III,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Mark Borello, Judge.

April 16, 2019

B.L. THOMAS, C.J.

In 2011, Appellant filed a rule 3.850 motion for postconviction relief raising eighteen claims, including one claim that his counsel was ineffective for failing to object to Appellant's sentence for first-degree murder and attempted armed robbery, which he argued was illegal because it exceeded the statutory maximum. The postconviction court denied Appellant's motion.

In 2016, Appellant filed a rule 3.800 motion to correct illegal sentence, arguing that his consecutive sentences for first-degree murder and attempted armed robbery violated the prohibition against double jeopardy, as they arose from the same occurrence.

The lower court denied Appellant's motion to correct illegal sentence as successive, stating that it had already addressed "this

exact issue" as raised in Appellant's 2011 motion for postconviction relief; the court directed Appellant to show cause why he should not be barred from future *pro se* filings regarding the murder and armed robbery cases.

In his response to the court's show cause order, Appellant stated that the issue raised in his motion to correct sentence was not the same as the issue raised in his motion for postconviction relief. After considering Appellant's response, the court stated that Appellant had "exhausted his postconviction remedies" and prohibited Appellant from *pro se* filings related to his convictions.

*Analysis*

An order prohibiting future *pro se* filings is reviewed for abuse of discretion. *See Ashe v. State*, 106 So. 3d 956, 957 (Fla. 4th DCA 2013). Florida Rule of Criminal Procedure 3.800(a) allows for the filing of multiple motions, and "[a] rule 3.800(a) motion cannot be classified as successive unless it raises a claim that has previously been addressed on the merits." *Jordan v. State*, 36 So. 3d 796 (Fla. 1st DCA 2010) (Mem).

The State concedes that Appellant's rule 3.800 motion raised a claim not previously decided on the merits. We reverse the order barring Appellant from future *pro se* filings. We note that a trial court has the authority under section 944.279, Florida Statutes, to refer any inmate to the Department of Corrections for disciplinary action, if the inmate files a "frivolous or malicious collateral criminal proceeding" or "knowingly or with reckless disregard for the truth" asserts "false information or evidence." Trial courts can and should exercise this authority where appropriate, as the statute reflects the public policy of the State to discourage meritless litigation.

REVERSED.

ROBERTS and OSTERHAUS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

John F. Casey, III, pro se, Appellant.

Ashley Moody, Attorney General, Bryan Jordan, Senior Assistant Attorney General, Tallahassee, for Appellee.