DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM E. BYNES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1961

[January 29, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 502001CF000912A.

William E. Bynes, Miami, pro se.

Ashley Moody, Attorney General, Tallahassee, and Lindsay A. Warner, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

William Bynes appeals an order prohibiting him from filing any further pro se motions as a sanction for filing successive motions attacking his violent career criminal (VCC) sentences. We reverse the order because the trial court erred in finding Bynes' motions to be successive and therefore abused its discretion in imposing the sanction on that basis.

**Background**

Bynes was convicted of four offenses charged as counts one, two, three, and seven. The trial court originally imposed VCC sentences on all four counts. We affirmed the convictions and sentences on direct appeal. *Bynes v. State*, 854 So. 2d 289 (Fla. 4th DCA 2003). Bynes subsequently filed four motions challenging his sentences under Florida Rule of Criminal Procedure 3.800(a).

In his first rule 3.800(a) motion, Bynes argued that his past convictions did not qualify as prior felonies under the VCC statute and that the offenses charged in counts three and seven did not qualify for VCC

sentencing. The trial court denied the motion, but we reversed as to the second claim and remanded for resentencing on counts three and seven. *Bynes v. State*, 127 So. 3d 556 (Fla. 4th DCA 2012).

In his second rule 3.800(a) motion, Bynes argued that the documents supporting his VCC qualification were inadmissible and that he did not qualify for VCC sentencing because he committed the new offenses more than five years after he should have been released from his prior prison sentence, accounting for a later resentencing. The trial court denied the motion and we affirmed. *Bynes v. State*, 181 So. 3d 498 (Fla. 4th DCA 2015) (table).

In his third rule 3.800(a) motion, Bynes argued for the first time that he did not qualify for VCC sentencing because he committed the new offenses more than five years after he finished serving the specific sentence imposed for his last prior enumerated felony.[1] He also argued that the court committed a fundamental sentencing error because it believed it was required to impose a VCC sentence on all four counts. The trial court denied the motion, finding that the first claim was procedurally barred because it was raised in Bynes' second rule 3.800(a) motion. We affirmed. *Bynes v. State*, 227 So. 3d 589 (Fla. 4th DCA 2017) (table).

In his fourth rule 3.800(a) motion, Bynes argued again that he did not qualify for VCC sentencing because he committed the new offenses more than five years after he finished serving the specific sentence imposed for his last prior enumerated felony. The trial court denied the motion as successive. On appeal, we held that Bynes' claim was not impermissibly successive because it had never been considered on the merits, but we rejected the claim on the merits and affirmed. *Bynes v. State*, 267 So. 3d 1043 (Fla. 4th DCA 2019).

After the trial court denied Bynes' fourth rule 3.800(a) motion, it ordered him to show cause why he should not be barred from pro se filing as a sanction for filing "successive and repetitive" motions attacking his VCC sentences. Bynes argued in response that the claim raised in his fourth motion was different from his prior claims. The court found that good cause was not shown and prohibited Bynes from filing any further pro se motions. This appeal followed.

---

[1] *See* § 775.084(1)(d)3.b., Fla. Stat. (2000); *Rallo v. State*, 726 So. 2d 839 (Fla. 2d DCA 1999) (reversing a VCC sentence on direct appeal because it was clear that the defendant finished serving the sentence imposed for the last prior enumerated felony more than five years before he committed the new offenses, even though he remained in prison for other, non-enumerated felonies).

2

## Analysis

We review an order prohibiting a defendant from filing pro se motions for an abuse of discretion. *Roland v. State*, 267 So. 3d 449, 450 (Fla. 4th DCA 2019).

A rule 3.800(a) motion cannot be deemed impermissibly successive unless it raises a claim that has previously been considered on the merits. *See State v. McBride*, 848 So. 2d 287, 289-91 (Fla. 2003); *Gunn v. State*, 970 So. 2d 862, 863 (Fla. 4th DCA 2007). Here, the trial court abused its discretion in imposing a sanction for filing "successive and repetitive" motions because Bynes did not raise a claim in his fourth rule 3.800(a) motion that had previously been adjudicated on the merits. *See Jordan v. State*, 36 So. 3d 796 (Fla. 1st DCA 2010) (vacating order prohibiting the defendant from filing pro se motions as a sanction for filing repetitive rule 3.800(a) motions because the defendant never raised a claim that was previously adjudicated on the merits); *see also Bynes*, 267 So. 3d at 1045 (concluding that the claim raised in Bynes' third and fourth rule 3.800(a) motions was different than the one raised in his second rule 3.800(a) motion and was never considered on the merits).

## Conclusion

Bynes' four rule 3.800(a) motions were not impermissibly successive and appear to have been filed in good faith. *See Gaston v. State*, 141 So. 3d 627, 628 (Fla. 4th DCA 2014). We therefore conclude that the trial court abused its discretion and reverse the order prohibiting Bynes from pro se filing.

*Reversed.*

LEVINE, C.J., FORST and KLINGENSMITH, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***