DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT H. ASPER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-1919

[March 12, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael C. Heisey, Judge; L.T. Case No. 562014CF002883A.

Robert H. Asper, Perry, pro se.

James Uthmeier, Attorney General, Tallahassee, and Zi Jin Peter Chan, Assistant Attorney General, Tampa, for appellee.

PER CURIAM.

We reverse the circuit court's order prohibiting the defendant from further pro se filing pursuant to Florida Rule of Criminal Procedure 3.850(n).

A prohibition on pro se filing is an extreme remedy that should be reserved for egregious abuse of judicial process. *See Roland v. State*, 267 So. 3d 449, 450 (Fla. 4th DCA 2019). Here, the defendant has sought post-conviction relief in four pro se filings: (1) a timely rule 3.850 motion (later amended to correct insufficient claims) alleging ineffective assistance of counsel, which motion the circuit court denied on the merits and we affirmed on appeal; (2) a Florida Rule of Criminal Procedure 3.800(c) motion to reduce or modify sentence, which motion the circuit court denied as untimely; (3) a habeas corpus petition which the circuit court denied as untimely; and (4) a Florida Rule of Criminal Procedure 3.800(a) motion alleging two errors in the sentencing process, which motion the circuit court denied as not cognizable under rule 3.800(a).

While the state does not concede the circuit court erred in prohibiting the defendant from further pro se filing pursuant to rule 3.850(n), the state

properly acknowledges the defendant's filings are "nowhere close to the number of filings in other cases where litigants were abusing the judicial process by the sheer volume of their post-conviction filings."

In our view, the defendant has not egregiously abused the judicial process. While the defendant's filings may have lacked merit or were untimely or unauthorized, these filings were not so numerous or lacking in merit to justify prohibiting the defendant's further pro se filing pursuant to rule 3.850(n) at this juncture. Thus, we reverse the circuit court's order prohibiting the defendant from further pro se filing pursuant to rule 3.850(n). However, we caution the defendant that further meritless filings may justify prohibiting the defendant's further pro se filing pursuant to rule 3.850(n).

*Reversed.*

WARNER, MAY and GERBER, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***