[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-11522

Non-Argument Calendar

————————————————

CODY EDWARD DAVIS,

                                                          Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

                                                          Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cv-80292-RLR

————————————————

Before BRANCH, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Cody Davis, a Florida prisoner serving a 30-year sentence for robbery, appeals, *pro se*, the district court's adoption of a magistrate judge's Report and Recommendation ("R&R"),[1] recommending the denial of his habeas corpus petition, 28 U.S.C. § 2254. The district court issued Davis a certificate of appealability ("COA") on one issue:

> Whether Florida's Violent Career Criminal Act ["VCC"], as applied to [Davis], violates substantive due process under the rational basis test because treating the offense of carrying a concealed firearm without a permit as a violent felony is not rationally related to the legitimate governmental objective of punishing violent crime?

After careful review, we affirm.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Davis was arrested in 2016 and was charged with robbery. Prior to trial, the state filed a notice that it was seeking an enhanced sentence under the VCC because Davis had prior convictions for escape, possession of a firearm by a convicted felon, and carrying a concealed firearm. Davis was found guilty at trial. Before sentencing, Davis argued that the VCC enhancement was unconstitutional

---

[1] *Davis v. Dixon*, No. 9:23-cv-80292, 2024 WL 1720733 (S.D. Fla. Jan. 22, 2024), *report and recommendation adopted*, 2024 WL 1717326 (S.D. Fla. Apr. 22, 2024).

under the rational basis test.  In essence, he contended that he satisfied the statutory criteria for the VCC but that there was nothing inherently dangerous about carrying a concealed firearm.  The trial court rejected his argument, and Florida's Fourth District Court of Appeal affirmed.  *Davis v. State*, 238 So. 3d 789 (Fla. 4th DCA 2018) (mem.).

Davis, through counsel, filed a petition for writ of habeas corpus in the district court—raising the same argument about the VCC.  The magistrate judge prepared an R&R recommending Davis's petition be denied, and the district court adopted the recommendation over Davis's objections but granted him a COA.  Davis, now *pro se*, appeals.

## II. STANDARD OF REVIEW

"When a state court has adjudicated a habeas petitioner's claim on the merits, we review its decision under [the Antiterrorism and Effective Death Penalty Act ("AEDPA")]'s 'highly deferential' standards."  *Pye v. Warden, Ga. Diagnostic Prison*, 50 F.4th 1025, 1034 (11th Cir. 2022) (*en banc*) (quoting *Davis v. Ayala*, 576 U.S. 257, 269 (2015)).  When AEDPA deference applies, a federal court may grant habeas relief only if the decision of the state court (1) was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(1), (2); *see also Calhoun v. Warden, Baldwin State Prison*, 92 F.4th 1338, 1346 (11th Cir. 2024).

"[C]learly established federal law for purposes of [AEDPA] includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014)). However, this does not mean AEDPA "requires an 'identical factual pattern before a legal rule can be applied.'" *Woodall*, 572 U.S. at 427 (quoting *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007)); *see also Andrew v. White*, 145 S. Ct. 75, 82 (2025) ("General legal principles can constitute clearly established law for purposes of AEDPA so long as they are holdings of th[e Supreme] Court.").

"[A]n unreasonable application of federal law" under AEDPA "is different from an incorrect application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000) (emphasis omitted). To show an unreasonable application of federal law, a state prisoner seeking federal habeas relief "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

We liberally construe *pro se* pleadings and hold them to a "less stringent standard than pleadings drafted by attorneys." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

## III. DISCUSSION

A state statute satisfies substantive due process if it is "rationally related to a lawful governmental purpose and is not unlawfully

24-11522                Opinion of the Court                5

arbitrary or discriminatory." *United States v. Plummer*, 221 F.3d 1298, 1308–09 (11th Cir. 2000) (citing *TRM, Inc. v. United States*, 52 F.3d 941, 945 (11th Cir. 1995)). Even without AEDPA's added deference, this standard is lenient. *See TRM, Inc.*, 52 F.3d at 946 ("Even if the court is convinced that the political branch has made an improvident, ill-advised or unnecessary decision, it must uphold the act if it bears a rational relation to a legitimate governmental purpose." (quoting *Cash Inn of Dade, Inc. v. Metro. Dade Cnty.*, 938 F.2d 1239, 1241 (11th Cir. 1991))); *see also FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313–14 (1993) ("Where there are 'plausible reasons' for [the legislative] action, 'our inquiry is at an end.'" (quoting *United States R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 179 (1980))).[2]

Florida law defines a "violent career criminal" as a defendant who has been convicted as an adult three or more times of any of

---

[2] While Davis's *pro se* brief on appeal does not address the issue, we note that his substantive due process claim here may also be construed as an Eighth Amendment challenge to Florida's sentencing scheme in that he argues that the sentence enhancement he received is irrational or, in Eighth Amendment terms, grossly disproportionate to the underlying crime of conviction. "[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing the[] claim[]." *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion)); *see also Ewing v. California,* 538 U.S. 11, 22–25 (2003) (plurality opinion) (explaining that proportionality principles govern the review of sentences under the Eighth Amendment). Nonetheless, because Davis—who had counsel for part of this litigation—did not assert an Eighth Amendment claim, we do not construe his appeal as presenting one.

the enumerated offenses. FLA. STAT. § 775.084(1)(d)(1). The enumerated offenses include, in relevant part, felony violations of Chapter 790 involving the use or possession of a firearm. *Id.* § 775.084(1)(d)(1)(g). Florida's VCC statute imposes longer sentences for defendants with prior offenses, with the goal of deterring recidivism. *See State v. Hearns*, 961 So. 2d 211, 214 (Fla. 2007) ("The [VCC] is intended to deter recidivism by imposing longer sentences on repeat offenders."). *Cf. Ewing*, 538 U.S. at 24 ("Throughout the States, legislatures enacting three strikes laws made a deliberate policy choice that individuals who have repeatedly engaged in serious or violent criminal behavior, and whose conduct has not been deterred by more conventional approaches to punishment must be isolated from society in order to protect the public safety."). Under the VCC, a second-degree felony has a mandatory minimum term of imprisonment of 30 years and a statutory maximum of 40 years. FLA. STAT. § 775.084(4)(d)(2).

Davis did not argue below or on appeal that his predicate offenses should not have triggered application of the VCC-enhancement. In any event, if he had raised such a challenge, we would be unable to address that pure state law question. *See McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."). Instead, Davis argues that the VCC is constitutionally irrational as applied to him because his predicate crime did not involve violent conduct. He also argues that, because Florida no longer requires an individual to obtain a permit to carry a

concealed firearm, his mere possession of a concealed firearm rendered the court's application of the VCC enhancement arbitrary, resulting in an unlawful increase to his punishment.

Because the state court adjudicated Davis's substantive due process claim on the merits, our review is limited by AEDPA's deferential standard. *See Pye*, 50 F.4th at 1034. When we apply AEDPA's strictures on top of the already-lenient rational basis review, we cannot conclude that Davis is entitled to relief. Applying these two tests together requires us to ask whether the state court's ruling—that Florida's VCC statute as applied to Davis was "rationally related to a lawful governmental purpose and is not unlawfully arbitrary or discriminatory," *Plummer*, 221 F.3d at 1308–09—"was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement," *Harrington*, 562 U.S. at 103. As the magistrate judge explained, it is not unreasonable or irrational "for the Florida Legislature to conclude that a person carrying a concealed firearm without a license present[s] a meaningful risk of violence." *Davis*, 2024 WL 1720733, at *4; *see also Bynes v. State*, 854 So. 2d 289, 291–92 (Fla. 4th DCA 2003) (explaining why carrying a concealed firearm without a permit is a qualifying conviction under the VCC).

Davis's argument about subsequent changes to Florida law that render his predicate crime non-criminal does not entitle him to relief either. At the time of his conviction, Florida's sentencing laws allowed for an enhancement for someone with Davis's

criminal history based on his possession of a concealed weapon. Thus, Florida's amendments to its concealed carry laws, absent any retroactive effect, do not benefit him.

Finally, throughout his brief, Davis cites several cases addressing the federal Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), but those cases do not alter this conclusion. That is because Florida courts are not obligated to interpret the VCC in lockstep with the ACCA—Florida can designate a crime "violent" under the VCC even if Federal law does not designate that crime "violent" under the ACCA, or vice versa. The cases Davis cites do not suggest otherwise and the differences between the VCC and the ACCA do not present a substantive due process problem.

Davis has not shown that the state court unreasonably applied federal law in concluding that the VCC, as applied to him, was not constitutionally irrational. Moreover, even if the VCC might, in some circumstances, produce arbitrary or irrational outcomes, Supreme Court caselaw does not put that question beyond debate as applied here. *Harrington*, 562 U.S. at 103. Accordingly, the magistrate judge and district court properly denied Davis's petition. Therefore, we **AFFIRM**.